Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles Linehan (SBN 307439)
  clinehan@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Manuel Savorelli*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED WORKERS LOCAL UNION NO. 8 WBPA FUND, <br><br> Plaintiff, <br><br> v. <br><br> THE TRADE DESK, INC., et al., <br><br> Defendants. | Case No. 2:25-cv-01396-CAS-DFM <br><br> **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MANUEL SAVORELLI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** <br><br> Date:   May 19, 2025 <br> Time:   10:00 a.m. <br> Crtrm.:  8D <br> Judge:  Hon. Christina A. Snyder |
| MANUEL SAVORELLI, <br><br> Plaintiff, <br><br> v. <br><br> THE TRADE DESK, INC.,  et al., <br><br> Defendants. | Case No. 2:25-cv-01915-CAS-DFM |
| NEW ENGLAND TEAMSTERS PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> THE TRADE DESK, INC.,  et al., <br><br> Defendants. | Case No. 2:25-cv-01936-CAS-DFM |

Manuel Savorelli ("Savorelli") submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Savorelli as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of investors who purchased The Trade Desk, Inc. ("Trade Desk" or the "Company") Class A common stock or call options, or sold Trade Desk put options, between May 9, 2024 and February 12, 2025, inclusive (the "Class Period").

## I.   PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Savorelli is the "most adequate plaintiff" as defined by the PSLRA.

Savorelli has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Savorelli satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Savorelli respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Savorelli's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Trade Desk operates globally as a technology company, offering a self-service, cloud-based, ad-buying platform that allows marketers to plan, manage, optimize, and measure data-driven ad campaigns.

The complaints filed in the above-captioned actions allege that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose to investors that: (1) Trade Desk was experiencing significant, ongoing, self-inflicted execution challenges rolling out Kokai, including transitioning clients to Kokai from the Company's older platform Solimar; (2) such execution challenges meaningfully delayed the Kokai Rollout; (3) Trade Desk's inability to effectively execute the Kokai Rollout negatively impacted the Company's business and operations, particularly revenue growth; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On February 12, 2025, after market hours, Trade Desk released its fourth quarter 2024 financial results, reporting revenue of $741 million, missing consensus estimates and prior guidance of $756 million. In its earnings call held the same day, the Company also stated that its digital advertising platform, Kokai, "rolled out slower than [it] anticipated."

On this news, Trade Desk's stock price fell $40.31, or 33%, to close at $81.92 per share on February 13, 2025, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, Savorelli and members of the class have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On February 19, 2025, Plaintiff United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund commenced the first-filed securities class action against Trade Desk and certain of its officers and directors, captioned

*United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund v. The Trade Desk, Inc.*, No. 2:25-cv-01396-CAS-DFM (the "*United Union* Action"). It was brought pursuant to the Exchange Act on behalf of acquirers of Trade Desk Class A common stock between May 9, 2024 and February 12, 2025, inclusive.

On March 5, 2025, Plaintiff Manuel Savorelli filed a substantially similar class action, captioned *Savorelli v. The Trade Desk, Inc.*, No. 2:25-cv-01915-CAS-DFM (the "*Savorelli* Action"). It was brought pursuant to the Exchange Act on behalf of persons and entities that purchased or otherwise acquired Trade Desk Class A common stock or call options, or sold Trade Desk put options, between May 9, 2024 and February 12, 2025.

Also on March 5, 2025, Plaintiff New England Teamsters Pension Fund filed a substantially similar class action, captioned *New England Teamsters Pension Fund v. The Trade Desk, Inc.*, No. 2:25-cv-01936-CAS-DFM (the "*Teamsters* Action," and together with the *United Union* Action and the *Savorelli* Action, the "Related Actions"). It was brought pursuant to the Exchange Act on behalf of acquirers of Trade Desk Class A common stock between May 9, 2024 and February 12, 2025, inclusive.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present substantially identical legal theories. They all allege the same class period. Moreover, each action alleges violations of the Exchange Act, each presents the same theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same

facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See id*.

### B.    Savorelli Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Savorelli has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Savorelli, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Savorelli respectfully submits that he should be appointed lead plaintiff.

*See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Savorelli Filed A Complaint And A Timely Motion

On March 5, 2025, Savorelli filed the second of the three actions. Moreover, on February 19, 2025, notice was published in connection with the first-filed action. *See* Declaration of Charles H. Linehan in Support of the Motion of Savorelli for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Savorelli had sixty days (*i.e.*, until April 21, 2025), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Trade Desk securities and seller of put options during the Class Period, Savorelli is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice in compliance with the first PSLRA requirement. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Savorelli attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See Savorelli* Action Dkt. No. 1 at 26-35 (Certification). Accordingly, Savorelli satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Savorelli Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires that courts adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Savorelli believes that he has the largest financial interest among Class members who filed timely applications for

appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Savorelli purchased Trade Desk securities and sold Trade Desk put options impacted by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $207,774.86. *See* Linehan Decl., Ex. B. To the best of his knowledge, Savorelli is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Savorelli believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3.     Savorelli Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and

"[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

**a)       Savorelli's Claims Are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Savorelli's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Savorelli suffered losses as a result of his Trade Desk transactions during the Class Period. Like all members of the Class, Savorelli alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Trade Desk's operations and financial prospects. Savorelli's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Trade Desk's stock price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Savorelli's interests and claims are typical of the interests and claims of the Class.

### b) Savorelli Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Savorelli easily satisfies the adequacy requirements. Savorelli's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Savorelli is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Savorelli has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. C (GPM firm résumé). Savorelli resides in Mays Landing, New Jersey. In addition, Savorelli is not aware of any conflict

between his claims and those asserted on behalf of the Class.[1] As such, Savorelli is adequate to represent the Class, and should be appointed as lead plaintiff.

### C.   The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, Savorelli has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Savorelli is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit C, the Court may be assured that, by granting Savorelli's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Savorelli's selection of counsel.

## V.   CONCLUSION

For the foregoing reasons, Savorelli respectfully asks the Court to grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Savorelli as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

---

[1] In the interest of full disclosure, Savorelli pled guilty to a violation of New Jersey's theft statute (Section 2C:20) in 2021, and was sentenced to probation, which he has completed. Savorelli respectfully submits that this will have no impact on his ability to adequately represent the class. *See Chupa v. Armstrong Flooring, Inc.*, No. 2020 WL 1032420, at *5 (C.D. Cal. Mar. 2, 2020) (appointing a lead plaintiff previously convicted of armed bank robbery).

DATED:  April 21, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Plaintiff Manuel Savorelli and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Manuel Savorelli, certifies that this brief contains 2,727 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 21, 2025          *s/ Charles H. Linehan*
                               Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 21, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 21, 2025, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan