Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead*
*Plaintiff and for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED WORKERS LOCAL UNION NO.8 WBPA FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>THE TRADE DESK, INC., JEFFREY TERRY GREEN, and LAURA SCHENKEIN,<br><br>        Defendants. | Case No. 2:25-cv-01396-CAS-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Christina A. Snyder<br>HEARING: May 19, 2025<br>TIME: 10:00 a.m.<br>CTRM: #8D |

[Additional captions on next page]

1

| MANUEL SAVORELLI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 2:25-cv-01915-CAS-DFM |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | JUDGE: Christina A. Snyder |
| THE TRADE DESK, INC., JEFF T. GREEN, and LAURA SCHENKEIN, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| NEW ENGLAND TEAMSTERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No. 2:25-cv-01936-CAS-DFM |
| Plaintiff, | ) ) ) | CLASS ACTION |
| v. | ) ) ) | JUDGE: Christina A. Snyder |
| THE TRADE DESK, INC., JEFFREY T. GREEN, LAURA SCHENKEIN, and SAMANTHA JACOBSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

# **TABLE OF CONTENTS**

I.    PERTINENT BACKGROUND ................................................................... 5

II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..................... 8

III.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ......................... 9

   A.   Movant is Willing to Serve as Class Representative ................................ 10

   B.   Movant has the Largest Financial Interest in the Action........................... 10

   C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...................................................................................... 11

   D.   Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ...................................................... 13

IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ..... 13

V.    CONCLUSION ...................................................................................... 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

# TABLE OF AUTHORITIES

**Cases**

*Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398 (D. Or. Oct. 3, 2014) ..... 5

*In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) ...........................9, 10, 12

*In re Gentiva Sec. Litig.*, 281 F.R.D. 108 (E.D.N.Y. 2012) .................................. 5

*Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007)..... 10, 12

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................... passim

**Rules**

Fed. R. Civ. P. 23......................................................................................... 11, 12

Fed. R. Civ. P. 42............................................................................................ 8, 9

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Movant James Williams ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for all purchasers of The Trade Desk, Inc. ("Trade Desk" or the "Company") Class A common stock between May 9, 2024 and February 12, 2025, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.     PERTINENT BACKGROUND

On February 19, 2025, this action was commenced against Defendants The Trade Desk, Inc., Jeffrey T. Green, Laura Schenkein, and Samantha Jacobson for violations under the Exchange Act with a Class Period of May 9, 2024 and February 12, 2024. That same day, a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff

was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

The above-captioned first and second related actions styled as *Manuel Savorelli v. The Trade Desk, Inc., et al.,* case no. 2:25-cv-01915-CAS-DFM, (the "*Savorelli* Action") and *New England Teamsters Pension Fund v. The Trade Desk, Inc., et al.*, case no. 2:25-cv-01936-CAS-DFM, (the "*New England* Action") were subsequently filed in this District on March 5, 2025, asserting substantially similar facts and claims[1] as the instant action, with the same class period. *Savorelli*, Dkt. No. 1 ¶ 1; *New England*, Dkt. No. 1 ¶ 1.

Defendant Trade Desk purports to be a technology company that operates a self-service, cloud-based platform targeted at advertisers. The Company's platform integrates with inventory, publisher, and data partners to provide ad buyers with the ability to create, manage and optimize data-driven digital advertising campaigns across ad formats and channels.

The complaints allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Trade Desk was

---

[1] The later-filed *New England* action included Samantha Jacobson as an additional defendant.

6

experiencing significant performance issues with the Kokai platform that were negatively impacting customer adoption; (2) Trade Desk was deliberately slowing the pace of its Kokai rollout to maximize short-term profits; (3) competition from Amazon and other competing platforms was taking substantial market share away from Trade Desk; (4) Trade Desk's engineering and sales teams were not adequately structured to support the Kokai rollout and fend off mounting competition; and (7) as a result of the foregoing, Defendants' positive statements about its business.

On February 12, 2025, the truth about the Company's unsuccessful Kokai rollout and its loss of market share to competing platforms was revealed to the market. On that date, Trade Desk disclosed that its fourth quarter 2024 revenue missed analysts' forecasts due to a series of execution missteps with the Kokai rollout that prompted a major corporate restructuring. During the earnings call held that same day, Defendant Jeffrey T. Green explained that "Kokai rolled out slower than we anticipated" and "in some cases, the slower Kokai rollout was deliberate" because "a quicker rollout would result in more short-term spend." Defendant Green also stated that "[w]e are recalibrating our larger company for an even stronger future," including with "the largest reorganization in company history in December."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

On this news, Trade Desk's stock price fell $40.31 per share, or **33 percent**, to close at $81.92 per share on February 13, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the

10

subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $41,355.43 in connection with his purchases of Trade Desk common stock. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's common stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Trade Desk and its business. Movant, as did all of the members of the class, purchased the Company's common stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

12

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has approximately 40 years of investing experience and holds a bachelor's degree in visual design and industrial design. He works in Advertising Photography and Cinematography.

**IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class' and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and have obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

V.      **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel; and (4)

granting such other relief as the Court may deem to be just and proper.


Dated:   April 21, 2025                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**
                                           /s/ Laurence Rosen, Esq.
                                           Laurence M. Rosen, Esq. (SBN 219683)
                                           355 South Grand Avenue, Suite 2450
                                           Los Angeles, CA 90071
                                           Telephone: (213) 785-2610
                                           Facsimile: (213) 226-4684
                                           Email: lrosen@rosenlegal.com

                                           *[Proposed] Lead Counsel for Lead
                                           Plaintiff and for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO
CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
CHOICE OF COUNSEL – 2:25-cv-01396-CAS-DFM

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for James Williams, certifies that this brief contains 2,150 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 21, 2025.

/s/ Laurence M. Rosen

Laurence M. Rosen

16

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 21, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES WILLIAMS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 21, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

17