MOTLEY RICE LLC
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
cmoriarty@motleyrice.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED WORKERS LOCAL UNION NO. 8 WBPA FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRADE DESK, INC., et al.,<br><br>Defendants. | Case No. 2:25-cv-01396-CAS-DFM<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:      May 19, 2025<br>TIME:      10:00 a.m.<br>JUDGE:    Hon. Christina A. Snyder<br>CTRM:     8D |

4935-8184-2488

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................. 2

III.  ARGUMENT ......................................................................................... 3

    A.    The Related Actions Should Be Consolidated ..................................... 3

    B.    The Institutional Investors Should Be Appointed Lead Plaintiff ........ 3

        1.    This Motion Is Timely ................................................................ 4

        2.    The Institutional Investors Have the Largest Financial Interest in the Relief Sought by the Class ................................. 4

        3.    The Institutional Investors Satisfy the Rule 23 Typicality and Adequacy Requirements ...................................................... 5

    C.    The Court Should Approve the Institutional Investors' Selection of Counsel ....................................................................... 8

IV.   CONCLUSION .................................................................................... 11

- i -

## TABLE OF AUTHORITIES

**Page**

CASES

*Bennett v. Sprint Nextel Corp.*,
    No. 2:09-cv-02122-EFM-KMH (D. Kan.) ......................................................9, 10

*Boston Ret. Sys. v. Alexion Pharms., Inc.*,
    No. 3:16-cv-02127 (AWT) (D. Conn.).............................................................9

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
    No. 1:11-cv-08332 (N.D. Ill.)........................................................................10

*D'Agostino v. Innodata, Inc.*,
    2024 WL 4615728 (D.N.J. Oct. 30, 2024).......................................................10

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005) ......................................................................................4

*Henningsen v. The ADT Corp.*,
    No. 9:14-cv-80566-WPD (S.D. Fla.) ...............................................................8

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
    No. 8:15-cv-00865-AG (C.D. Cal.)..................................................................9

*In re Am. Realty Cap. Props., Inc. Litig.*,
    No. 1:15-mc-00040 (S.D.N.Y.) .......................................................................10

*In re Barrick Gold Sec. Litig.*,
    No. 1:13-cv-03851-RPP (S.D.N.Y.)................................................................9, 10

*In re Cardinal Health, Inc. Sec. Litig.*,
    No. 2:04-cv-00575-ALM (S.D. Ohio)..............................................................9

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..................................................................4, 5, 8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ...........................................................................7

*In re Cohen*,
    586 F.3d 703 (9th Cir. 2009)..........................................................................8

4935-8184-2488

**TABLE OF AUTHORITIES**          **Page**

*In re Cooper Cos. Inc. Sec. Litig.*,
    254 F.R.D. 628 (C.D. Cal. 2009) ...............................................................................9

*In re Enron Corp. Sec. Litig.*,
    No. 4:01-cv-03624 (S.D. Tex.)...................................................................................9

*In re HealthSouth Corp. Sec. Litig.*,
    No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ...............................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
    No. 1:01-cv-01451-REB-KLM (D. Colo.)..................................................................9

*In re Twitter, Inc. Sec. Litig.*,
    2020 WL 4187915 (N.D. Cal. Apr. 17, 2020) .......................................................6, 10

*In re Twitter, Inc. Sec. Litig.*,
    No. 4:16-cv-05314 (N.D. Cal.)...................................................................................9

*In re Under Armour Sec. Litig.*,
    No. 1:17-cv-00388 (D. Md.) .....................................................................................10

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
    No. 0:06-cv-01691-JMR-FLN (D. Minn.) .................................................................9

*Jones v. Pfizer*,
    No. 1:10-cv-03864 (S.D.N.Y.) .................................................................................10

*KBC Asset Mgmt. NV v. 3D Sys. Corp.*,
    2017 WL 4297450 (D.S.C. Sept. 28, 2017) ...........................................................6, 7

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
    No. 1:02-cv-05893 (N.D. Ill.)....................................................................................9

*Leventhal v. Chegg, Inc.*,
    2022 WL 4099454 (N.D. Cal. Sept. 7, 2022)............................................................6

*Lloyd v. CVB Fin. Corp.*,
    2011 WL 13128303 (C.D. Cal. Jan. 21, 2011)......................................................3, 5

*New England Teamsters Pension Fund v. The Trade Desk, Inc.*,
    No. 2:25-cv-01936 (C.D. Cal. filed Mar. 5, 2025).....................................................1

## TABLE OF AUTHORITIES                    Page

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
  325 F.R.D. 280 (D. Minn. 2018) ........................................................................... 10

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
  549 F.3d 100 (2d Cir. 2008) ................................................................................. 6

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(1) ........................................................................................................... 3
  §78u-4(a)(3)(A)(i) .................................................................................................. 4
  §78u-4(a)(3)(B)(i) .............................................................................................. 1, 3
  §78u-4(a)(3)(B)(ii) ............................................................................................. 1, 3
  §78u 4(a)(3)(B)(iii) ................................................................................................ 1
  §78u-4(a)(3)(B)(iii)(I) ........................................................................................... 4
  §78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................... 5
  §78u-4(a)(3)(B)(v) ................................................................................................. 8

4935-8184-2488

## I.    INTRODUCTION

Three related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of all purchasers of The Trade Desk, Inc. ("Trade Desk" or the "Company") common stock between May 9, 2024 and February 12, 2025, inclusive (the "Class Period").[1]  The complaints allege similar claims against defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, KBC Asset Management NV, Macomb County Employees' Retirement System, Macomb County Intermediate Retirees Medical Benefits Trust, and Macomb County Retiree Health Care Fund (collectively, the "Institutional Investors") should be appointed lead plaintiff because they filed a timely motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u 4(a)(3)(B)(iii).  In addition, the Institutional Investors' selection of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC to serve as lead counsel should be approved because the Firms possess extensive experience

---

[1]    The Related Actions are *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund v. The Trade Desk, Inc.*, No. 2:25-cv-01396 (C.D. Cal. filed Feb. 19, 2025); *Savorelli v. The Trade Desk, Inc.*, No. 2:25-cv-01915 (C.D. Cal. filed Mar. 5, 2025); and *New England Teamsters Pension Fund v. The Trade Desk, Inc.*, No. 2:25-cv-01936 (C.D. Cal. filed Mar. 5, 2025).

- 1 -

4935-8184-2488

prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     FACTUAL BACKGROUND[2]

Headquartered in Ventura, California, Trade Desk operates as a technology company offering a self-service, cloud-based, ad-buying platform. Leading up to the Class Period, Trade Desk launched Kokai on June 6, 2023, a generative artificial intelligence forecasting tool that enables users to more effectively deploy advertising spending.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Trade Desk was experiencing significant, ongoing, self-inflicted execution challenges rolling out Kokai, particularly in transitioning clients to Kokai from the Company's older platform, Solimar; (ii) such execution challenges meaningfully delayed the Kokai rollout; and (iii) Trade Desk's inability to effectively execute the Kokai rollout negatively impacted the Company's business and operations, including revenue growth.

On February 12, 2025, Trade Desk issued a press release announcing its financial results for the fourth quarter and full year of 2024. Specifically, Trade Desk reported fourth quarter revenue of $741 million – below Trade Desk's previously issued guidance of $756 million and analysts' estimates of $759.8 million. Additionally, Trade Desk's revenue guidance of at least $575 million for the first quarter of 2025 missed analysts' estimates of $581.5 million. On this news, the price of Trade Desk common stock fell by more than 32%.

---

[2] While the Related Actions allege substantively similar facts, these allegations are based on the *United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 WBPA Fund* complaint. *See* ECF 1.

- 2 -

4935-8184-2488

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Trade Desk common stock, the Institutional Investors and class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

Here, the Related Actions each assert claims on behalf of purchasers of Trade Desk common stock during identical periods against the same defendants for alleged violations of the federal securities laws. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. *See generally Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

Accordingly, the Court should consolidate these cases.

### B.    The Institutional Investors Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as

- 3 -

4935-8184-2488

lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on February 19, 2025 via *Globe Newswire*. *See* Declaration of Darren J. Robbins in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Robbins Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Institutional Investors meet these requirements and should therefore be appointed as lead plaintiff.

### 1.    This Motion Is Timely

The February 19, 2025 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by April 21, 2025. *See* Robbins Decl., Ex. A. Because the Institutional Investors' motion has been timely filed, they are eligible for appointment as lead plaintiff.

### 2.    The Institutional Investors Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Institutional Investors suffered approximately $10 million in compensable losses as a result of defendants' alleged misconduct pursuant to the Exchange Act. *See* Robbins Decl., Exs. B, C; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005). To the best of their counsel's

- 4 -

4935-8184-2488

knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Institutional Investors satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Institutional Investors Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd*, 2011 WL 13128303, at *5 (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citation omitted). Here, like all other class members, the Institutional Investors purchased Trade Desk common stock at allegedly inflated prices and suffered damages when defendants' alleged misconduct was revealed. Robbins Decl., Exs. B, C. "The typicality requirement thus appears to be satisfied because [their] claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its funds. KBC serves as the management company for KBC Equity Fund NV, KBC Institutional Investors NV, and Plato Institutional Index Fund NV, and, during the Class Period, those funds purchased, and held legal title to, the Trade Desk

- 5 -

4935-8184-2488

securities on which they incurred substantial losses. Prior to filing this Motion, KBC obtained a valid assignment of claims from each of these funds. *See* Robbins Decl., Ex. D; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").[3] KBC also has authority to represent its funds in class actions under the terms of the funds' management agreements with KBC. The management agreements between (i) KBC and KBC Equity Fund NV; (ii) KBC and KBC Institutional Investors NV; and (iii) KBC and Plato Institutional Index Fund NV each provide (at Clause 2.2.2) that the funds (known as "BEVEKs") authorize the "Management Company" (KBC) to "participat[e] in *class actions* or the commencement of an individual action" on their behalf. *See* Exs. E, F, & G at ¶ 2.2.2. Against this background, courts throughout the country have repeatedly appointed KBC as lead plaintiff or class representative after finding that it possessed standing to assert the claims at issue. *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as sole class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard").[4]

---

[3] The assignments in *Chegg* (as well as in numerous other cases in which KBC has been appointed as lead plaintiff and class representative) are identical to those obtained here.

[4] KBC also has standing to represent its funds under the so-called prudential exception. That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). KBC has a close relationship to its funds, as evidenced by the fact it serves as their management company, and there is a

- 6 -

4935-8184-2488

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id*. Here, the Institutional Investors' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims.

Further, any Court-appointed lead plaintiff must have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. KBC is a sophisticated institutional investor based in Brussels, Belgium that manages more than €200 billion in assets. Based in Mount Clemens, Michigan, Macomb County Employees' Retirement System, Macomb County Intermediate Retirees Medical Benefits Trust, and Macomb County Retiree Health Care Fund are three related public funds providing retirement benefits for substantially all of the employees of Macomb County, Michigan, overseeing over $1 billion in total assets on behalf of over 6,000 members.

As institutional investors, the Institutional Investors are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

As set forth in greater detail in the Joint Declaration submitted herewith, the Institutional Investors understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. *See*

barrier to the funds asserting the claims given they have contracted with KBC to do precisely that.

- 7 -

4935-8184-2488

Robbins Decl., Ex. H.  Before seeking a role as lead plaintiff, representatives of the Institutional Investors held a conference call to discuss, among other things, the merits of the claims, as well as their common goals and strategy for the joint prosecution of this Action.  *See id.*  The Institutional Investors have also previously served together as lead plaintiffs in *Henningsen v. The ADT Corp.*, No. 9:14-cv-80566-WPD (S.D. Fla.).   Thus, the Institutional Investors have the incentive and commitment to vigorously prosecute this Action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.

Finally, the Institutional Investors have selected qualified counsel to represent them and the putative class.  *See* §III.C., *infra*.  As such, the Court should find that the adequacy requirement has been met.

Because the Institutional Investors filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**C.     The Court Should Approve the Institutional Investors' Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Institutional Investors have selected Robbins Geller and Motley Rice as lead counsel.[5]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex

---

[5]     For a detailed description of proposed lead counsels' track record, resources, and attorneys, please *see* https://www.rgrdlaw.com and https://www.motleyrice.com/. Paper copies of the firms' resumes are available upon the Court's request, if preferred.

- 8 -

4935-8184-2488

securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), a securities class action tried before Judge Guilford where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[6]

Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. The firm's experience in the prosecution of securities class actions is derived from, among other things, its service as lead counsel in *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal.) ($809.5 million recovery), *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851-RPP (S.D.N.Y.) ($140 million recovery), *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.) ($131 million recovery), and *Boston Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-02127 (AWT) (D. Conn.) ($125 million recovery). Given that Motley Rice and KBC have

---

[6]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

4935-8184-2488

successfully prosecuted several securities fraud class actions together, including *Twitter*, the proposed class could not be in better hands.

Moreover, Motley Rice and Robbins Geller have a long history of successfully prosecuting securities class actions together, including: *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040 (S.D.N.Y.) ($1.025 billion recovery); *Twitter* ($809.5 million recovery); *Jones v. Pfizer*, No. 1:10-cv-03864 (S.D.N.Y.) ($400 million recovery); *Barrick Gold* ($140 million recovery); *Sprint Nextel* ($131 million recovery); and *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.) ($60 million recovery). Indeed, late last year, the two firms resolved a securities fraud class action captioned *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md.), for $434 million, just weeks before trial. *See also W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 287 (D. Minn. 2018) ("Plaintiffs' counsel – lawyers from Robbins Geller Rudman & Dowd LLP and Motley Rice LLC – is well-qualified to serve as class counsel in this case. First, the filings in this case demonstrate that counsel has sufficiently investigated and identified potential claims in this case. . . . Second, counsel has experience serving as class counsel in other disputes. . . . Third, counsel has demonstrated in this case and others that they have significant knowledge of securities law. . . . Finally, the Court is persuaded that counsel has sufficient resources to serve as class counsel in this case.") (citations omitted). Accordingly, the Court should approve the Institutional Investors' selection of Motley Rice and Robbins Geller as lead counsel for the putative class. *See D'Agostino v. Innodata, Inc.*, 2024 WL 4615728, at *5 (D.N.J. Oct. 30, 2024) ("[the movant's] chosen law firms have prosecuted numerous securities fraud class actions on behalf of investors. . . . After reviewing the firms' resumes, the Court finds that both firms have substantial experience litigating securities fraud class actions and are thus 'competent to fulfill the duties of lead counsel'") (citation omitted).

- 10 -

4935-8184-2488

Based upon its counsel's extensive experience and proven track record in securities class actions, the Institutional Investors' selection of counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated. In addition, the Institutional Investors have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Institutional Investors respectfully request that the Court grant their motion for consolidation, appointment as lead plaintiff, and approval of their selection of lead counsel.

DATED: April 21, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)

s/ Darren J. Robbins
DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

MOTLEY RICE LLP
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
cmoriarty@motleyrice.com

- 11 -

4935-8184-2488

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for KBC Asset Management NV, Macomb County Employees' Retirement System, Macomb County Intermediate Retirees Medical Benefits Trust, and Macomb County Retiree Health Care Fund, certifies that this brief contains 2,911 words, which complies with the word limit of L.R. 11-6.1.

DATED:  April 21, 2025

s/ Darren J. Robbins
DARREN J. ROBBINS

- 12 -

4935-8184-2488