**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

*Counsel for Proposed Lead Plaintiff Public
Employees' Retirement System of Mississippi,
and Proposed Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS
  & TOLL PLLC**
Laura H. Posner
(lposner@cohenmilstein.com)
Alexandra Gray
(agray@cohenmilstein.com)
88 Pine Street, 14th Floor
New York, NY 10005
Tel.: (212) 838-7797

*Counsel for Proposed Lead Plaintiff Arkansas
Public Employees' Retirement System, and
Proposed Lead Counsel for the Class*

[Additional counsel in signature block]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED WORKERS LOCAL UNION NO. 8 WBPA FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TRADE DESK, INC., JEFFREY TERRY GREEN, and LAURA SCHENKEIN,<br><br>Defendants. | Case No.: 2:25-cv-01396-CAS-DFM<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF ARKANSAS PUBLIC EMPLOYEES' RETIREMENT SYSTEM AND PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Date: May 19, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8D, 8th Floor<br>Judge: Hon. Christina A. Snyder |

***Captions continued on next page.***

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION
Case No. 2:25-cv-01396-CAS-DFM

MANUEL SAVORELLI, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

THE TRADE DESK, INC., JEFF T. GREEN, and LAURA SCHENKEIN,

        Defendants.

Case No.: 2:25-cv-01915-CAS-DFM

<u>CLASS ACTION</u>

---

NEW ENGLAND TEAMSTERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

THE TRADE DESK, INC., JEFFREY T. GREEN, LAURA SCHENKEIN, and SAMANTHA JACOBSON,

        Defendants.

Case No.: 2:25-cv-01936-CAS-DFM

<u>CLASS ACTION</u>

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ...................................................................................................ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 4

    I.    Arkansas and Mississippi Should Be Appointed Lead Plaintiff............... 4

        A.    Arkansas and Mississippi Have the Largest Financial Interest........................................................................................... 4

        B.    Arkansas and Mississippi Are Typical and Adequate .................... 6

    II.    The Court Should Approve Arkansas' and Mississippi's Selection of Lead Counsel ............................................................................................ 8

    III.    The Competing Motion Should Be Denied ............................................... 9

CONCLUSION.................................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**CASES** PAGE(S)

*Barry v. Colony NorthStar, Inc.*,
  2018 WL 11459916 (C.D. Cal. July 16, 2018) ....................................................... 2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ..............................................................4, 5, 9

*Chupa v. Armstrong Flooring, Inc.*,
  2020 WL 1032420 (C.D. Cal. Mar. 2, 2020) ........................................................ 4, 6

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ...................................................................... 9

*Diennocentis v. Dropbox, Inc.*,
  2020 WL 264408 (N.D. Cal. Jan. 16, 2020)............................................................ 7

*Ferreira v. Funko, Inc.*,
  2020 WL 3246328 (C.D. Cal. June 11, 2020).......................................................... 1, 5

*Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*,
  2024 WL 5279156 (C.D. Cal. Oct. 24, 2024) ......................................................... 6

*Lax v. First Merchs. Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997).......................................................... 5

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) ..............................................................3, 4, 8, 9

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
  2022 WL 3571995 (N.D. Cal. July 26, 2022) ......................................................... 2, 3, 6

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* .............................................................................*passim*

Arkansas and Mississippi respectfully submit this memorandum of points and authorities in opposition to the competing motion for appointment as Lead Plaintiff.[1] *See* ECF No. 42.

## **INTRODUCTION**

Arkansas and Mississippi are the presumptive Lead Plaintiff in this action by virtue of the fact that the losses they incurred on their Class Period investments in Trade Desk common stock—approximately $16.5 million as calculated on a LIFO basis—are significantly larger than any other movant. Further, as a small, cohesive partnership of two sophisticated and experienced institutional investors, Arkansas and Mississippi are more than adequate to lead this litigation. No other movant can offer any evidence, let alone "proof," that Arkansas and Mississippi cannot fairly and adequately represent the interests of the Class.

In addition to Arkansas and Mississippi, four other Class members or groups of Class members filed motions seeking appointment as Lead Plaintiff: (1) the four entity group of KBC Asset Management NV ("KBC"), Macomb County Employees' Retirement System ("Macomb ERS"), Macomb County Intermediate Retirees Medical Benefits Trust ("Macomb Retirees"), and Macomb County Retiree Health Care Fund ("Macomb Health," and collectively with KBC, Macomb ERS, and Macomb Retirees, the "KBC and Macomb Group") (ECF No. 42); (2) Kapil Bagaria ("Bagaria") (ECF No. 26); (3) James Williams ("Williams") (ECF No. 32); and (4) Manuel Savorelli ("Savorelli") (ECF No. 30). Of these movants, Arkansas and Mississippi unquestionably possess the largest financial interest in this litigation.[2] In recognition

---

[1] All capitalized terms are defined in Arkansas and Mississippi's opening brief, unless otherwise indicated. *See* ECF No. 38. All emphasis is added, and all internal citations and quotations omitted, unless noted. All movants agree that consolidation of the above-captioned actions is appropriate. *See* ECF Nos. 26, 30, 32, 37, 42.

[2] Courts typically apply the LIFO methodology to assess investment losses at the lead plaintiff stage. *See, e.g.*, *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020) ("Courts in the Ninth Circuit tend to . . . use a last in, first out (LIFO) methodology").

that Arkansas and Mississippi have the largest financial interest and are otherwise typical and adequate Class representatives, Bagaria and Savorelli withdrew their motions, and Williams has indicated that he does not oppose the appointment of Arkansas and Mississippi as Lead Plaintiff. *See* ECF Nos. 46-48.

As demonstrated by the chart below, Arkansas and Mississippi's loss is not only larger than the loss claimed by the next largest movant, the KBC and Macomb Group, it is larger than the losses of all other movants ***combined***. Indeed, Arkansas alone has a larger financial interest in this case than any of the other movants, including the KBC and Macomb Group. Courts have found this fact to be determinative in considering the total financial interest of a lead plaintiff group. *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022).



Further, Arkansas and Mississippi together (and Arkansas alone) also purchased more Trade Desk shares on both a gross and net basis and made larger net expenditures than the other movants combined. *See, e.g., Barry v. Colony NorthStar, Inc.*, 2018 WL 11459916, at *3 (C.D. Cal. July 16, 2018) (courts in this District typically consider "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class

period; and (4) the approximate losses suffered," with courts "generally attach[ing] the greatest weight to the fourth factor"). Thus, on each and every one of the factors courts look to, Arkansas and Mississippi have the largest financial interest in the litigation.

Arkansas and Mississippi also satisfy the typicality and adequacy requirements of Rule 23, and are well suited to represent all Class members. *See* ECF No. 38 at 8-14. As set forth in their Joint Declaration, Arkansas and Mississippi are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. *See* ECF No. 39-3 ¶¶ 2-7, 9, 19. Further, Arkansas and Mississippi possess the capability, experience, and commitment to oversee this litigation as a cohesive partnership and to ensure the zealous prosecution of the action in the best interests of the Class. *See id.* ¶¶ 3-4, 6-9, 13-15, 17-19; *see also In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (finding that "the Rule 23 determination should be based on only the movant's pleadings and declarations"); *Meta Platforms*, 2022 WL 3571995, at *3 (appointing a lead plaintiff group after being "persuaded from reviewing their joint declaration"). The decision by Arkansas and Mississippi to join together to prosecute this action followed from their prior experiences working with other sophisticated institutional investors as part of lead plaintiff groups in other securities class actions, including their current work together in a securities class action pending in the Northern District of California. *See* ECF No. 39-3 ¶¶ 8, 10, 12-16. Finally, Arkansas and Mississippi's adequacy is further demonstrated by the fact that they have already undertaken a significant investigation of the facts at issue, and intend to file an amended complaint containing additional and more detailed allegations based on their and their counsel's investigation, which is still ongoing. *See id.* ¶ 11.

Because Arkansas and Mississippi have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are entitled to a strong presumption that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof"

that Arkansas and Mississippi are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at *3-4 (C.D. Cal. Mar. 2, 2020) (Snyder, J.). No such "proof" exists, and there are no legitimate grounds to challenge Arkansas' and Mississippi's typicality or adequacy.

As such, Arkansas and Mississippi should be appointed as Lead Plaintiff, their selection of Lead Counsel should be approved, and their Motion should otherwise be granted.

## ARGUMENT

### I.    Arkansas and Mississippi Should Be Appointed Lead Plaintiff

The PSLRA establishes a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To trigger this presumption, the movant that has the largest financial interest need only make "a prima facie showing of typicality and adequacy." *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002).

Once this presumption attaches, it can only be rebutted with "proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(III); *see also Mersho*, 6 F.4th at 899 ("The statute requires proof that the presumptive lead plaintiff is not adequate."); *Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical or more adequate" or "would do a better job"). Arkansas and Mississippi are the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. Accordingly, Arkansas and Mississippi are entitled to appointment as Lead Plaintiff.

### A.    Arkansas and Mississippi Have the Largest Financial Interest

When assessing which movant has asserted the largest financial interest, courts in this District consider the size of a movant's loss to be the most important factor. *See,*

*e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status.").

As illustrated in the chart below, Arkansas and Mississippi's loss of approximately $16.5 million, as calculated on a LIFO basis, is significantly larger than the loss incurred by the KBC and Macomb Group, the movant asserting the next largest loss, and multiples larger than the losses of all other movants combined.[3] Arkansas and Mississippi also have the largest financial interest based on the other key factors courts consider in making that determination, having purchased more shares, purchased more net shares, and expended more net funds than the other movants.[4]

| Movant | Reported Loss | LIFO Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|---|
| Arkansas | $11,164,716 | $11,164,716 | 227,205 | 227,205 | $27,685,487 |
| Mississippi | $5,350,466 | $5,350,466 | 98,835 | 98,835 | $11,810,975 |
| **Arkansas and Mississippi** | **$16,515,182** | **$16,515,182** | **336,040** | **336,040** | **$39,496,462** |
| | | | | | |
| KBC | $7,975,915 | $7,397,956 | 165,246 | 118,891 | $14,108,086 |
| Macomb ERS | $1,306,313 | $1,306,313 | 36,930 | 36,533 | $3,507,927 |
| Macomb Health | $466,141 | $466,141 | 12,888 | 12,888 | $1,242,679 |
| Macomb Retirees | $360,655 | $360,655 | 10,922 | 10,448 | $990,375 |
| **KBC and Macomb Group** | **$10,109,023** | **$9,531,064** | **194,082** | **147,319** | **$16,908,699** |

[3] The KBC and Macomb Group's reported loss was calculated using the first-in, first-out ("FIFO") methodology. *See* ECF No. 44-3. Courts in the Ninth Circuit, however, favor the LIFO methodology when assessing losses at the lead plaintiff appointment stage. *Funko*, 2020 WL 3246328, at *5 (noting courts in the Ninth Circuit "tend to employ" LIFO). A chart setting forth calculations of the KBC and Macomb Group's losses, as calculated on a LIFO basis, is attached as Exhibit A to the Declaration of Jonathan D. Uslaner filed herewith.

[4] *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

Further, Arkansas individually incurred a loss that is larger than the loss reported by any other movant, and also purchased more shares, purchased more net shares, and expended more net funds, than the other movants combined. *See Meta Platforms*, 2022 WL 3571995, at *4 (finding the fact that one member of a lead plaintiff group alone had a larger financial interest than any competing movant determinative in considering the total financial interest of the lead plaintiff group).

There can thus be no credible dispute that Arkansas and Mississippi have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### B.   Arkansas and Mississippi Are Typical and Adequate

In addition to possessing the largest financial interest in the relief sought by the Class, Arkansas and Mississippi satisfy the typicality and adequacy requirements of Rule 23. At the lead plaintiff stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements. *See Armstrong Flooring*, 2020 WL 1032420, at *2 ("At this stage, a wide ranging analysis of these requirements is not appropriate and should be left for consideration on a motion for class certification."). Arkansas and Mississippi unquestionably satisfy both requirements.

As demonstrated in their opening brief, Arkansas and Mississippi are typical of other members of the Class. *See* ECF No. 38 at 8-9. Like all other Class members, Arkansas and Mississippi (1) purchased Trade Desk common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result of Defendants' alleged fraud. *See Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, 2024 WL 5279156, at *4 (C.D. Cal. Oct. 24, 2024) (finding a lead plaintiff's claims typical because they are "based on the same legal theory and arise from the same events as the putative class members' claims").

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION
Case No. 2:25-cv-01396-CAS-DFM

6

Arkansas and Mississippi also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Diennocentis v. Dropbox, Inc.*, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020) ("The test for adequacy asks whether the lead plaintiff and its counsel have any conflicts of interest with other class members and whether the lead plaintiff and his counsel will prosecute the action vigorously on behalf of the class.").

Arkansas and Mississippi have submitted evidence, through a sworn declaration, demonstrating their commitment and ability to direct this litigation jointly and in the best interests of the Class. *See generally* ECF No. 39-3. Arkansas and Mississippi are dedicated to overseeing their proposed Lead Counsel's prosecution of this action and ensuring that the action is litigated in the best interests of all Class members. *See id.* ¶¶ 4, 7, 15-17. As established in their Joint Declaration, Arkansas and Mississippi are institutional investors with a history of serving together as lead plaintiff and are capable of supervising this litigation. *See id.* ¶¶ 2-4, 5-7, 8, 15. Arkansas and Mississippi came together after each followed their own deliberative processes and independently determined that working together with another institutional investor would allow them to maximize the recovery for the Class. *See id.* ¶¶ 10, 12. This decision was also supported by Arkansas' and Mississippi's roles as fiduciaries, their shared interests in protecting and maximizing pension fund assets, as well as their shared desire to ensure that the operative complaint filed in this action asserts all available claims in order to maximize the Class's recovery. *See id.* ¶¶ 10-13.

The determination by Arkansas and Mississippi to jointly prosecute this case was further informed by their experience litigating securities class actions as part of groups of institutional investors and supervising the work of lead counsel. *See id.* ¶¶ 12, 17. This includes the case in which Arkansas and Mississippi currently serve together as lead plaintiff. *See id.* ¶ 8. Arkansas and Mississippi fully understand and accept the duties and responsibilities of the Lead Plaintiff owed to other Class members and are

fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id.* ¶¶ 3, 6, 17, 19.

Prior to filing their Motion, representatives of Arkansas and Mississippi participated in a conference call to discuss their leadership of this case and to ensure that it will be litigated in the best interests of all Class members. *See id.* ¶ 14. Such cooperation between institutional investors is expressly permitted by the PSLRA, and courts routinely appoint cohesive groups of class members as lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff").

Further, there is no conflict between the interests of Arkansas, Mississippi, or any of the other Class members. To the contrary, the interests of Arkansas and Mississippi and other Class members are directly aligned because they all suffered damages from their purchases of Trade Desk common stock that were artificially inflated by Defendants' alleged misconduct. As discussed above, Arkansas and Mississippi have a substantial financial interest that provides them with the incentive to ensure the vigorous prosecution of this litigation, and have the experience to prosecute this action efficiently and in the best interests of the Class. Thus, Arkansas and Mississippi have both the incentive and ability to supervise and monitor counsel.

Arkansas and Mississippi have further demonstrated their adequacy through their selection of Cohen Milstein and Bernstein Litowitz—two firms with significant experience prosecuting securities class actions and managing complex litigation effectively—to serve as Lead Counsel for the Class. Accordingly, Arkansas and Mississippi have made the requisite preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

## II.    The Court Should Approve Arkansas' and Mississippi's Selection of Lead Counsel

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval. The Court should not disrupt the Lead

Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Arkansas and Mississippi have selected Cohen Milstein and Bernstein Litowitz as proposed Lead Counsel for the Class. Cohen Milstein and Bernstein Litowitz have a long history representing Arkansas and Mississippi and of successfully prosecuting federal securities class actions, including as co-lead counsel, and have achieved several landmark recoveries, including in cases that were litigated in this Circuit and District. *See* ECF Nos. 39-6, 39-7. The prior experience demonstrates that Cohen Milstein and Bernstein Litowitz are eminently qualified to represent the Class in this action. Accordingly, the Court should approve Arkansas' and Mississippi's selection of Cohen Milstein and Bernstein Litowitz as Lead Counsel for the Class.

### III.   The Competing Motion Should Be Denied

Because Arkansas and Mississippi have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motion. Under the PSLRA and Ninth Circuit precedent, the inquiry ends with Arkansas and Mississippi's appointment and no further analysis of the competing motion is required. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption may be rebutted only upon proof . . . that the presumptively most adequate plaintiff does not satisfy the adequacy or typicality requirements of Rule 23.") (ellipsis in original); *Mersho*, 6 F.4th at 901 (explaining that unsupported speculation "does not comport with the burden-shifting process Congress established in the PSLRA" under which "competing movants must point to evidence"). This, without more, is sufficient to deny the competing movant's motion under the PSLRA's "straightforward" and sequential lead plaintiff process. *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and

adequacy requirements, [it] is entitled to lead plaintiff status[.]"). As a result, the remaining competing motion should be denied.

## CONCLUSION

For the reasons discussed above and in their Motion, Arkansas and Mississippi respectfully request that the Court enter an Order: (i) appointing them as Lead Plaintiff; (ii) approving their selection of Cohen Milstein and Bernstein Litowitz as Lead Counsel for the Class; (iii) consolidating the Related Actions; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: April 28, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: */s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

-and-

Hannah Ross
(hannah@blbglaw.com)
Avi Josefson
(avi@blbglaw.com)
Scott R. Foglietta
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400

*Counsel for Proposed Lead Plaintiff Public Employees' Retirement System of Mississippi, and Proposed Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Laura H. Posner
(lposner@cohenmilstein.com)
Alexandra Gray
(agray@cohenmilstein.com)
88 Pine St., 14th Floor
New York, NY 10005
Tel.: (212) 838-7797

-and-

Steven J. Toll
(stoll@cohenmilstein.com)
Molly J. Bowen
(mbowen@cohenmilstein.com)
1100 New York Avenue, N.W., Suite 800
Washington, D.C. 20005
Tel.: (202) 408-4600

*Counsel for Proposed Lead Plaintiff
Arkansas Public Employees' Retirement
System, and Proposed Lead Counsel for
the Class*

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION
Case No. 2:25-cv-01396-CAS-DFM

11

## **LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Arkansas Public Employees' Retirement System and Public Employees' Retirement System of Mississippi, certifies that this brief contains 2,983 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 28, 2025

/s/ Jonathan D. Uslaner
Jonathan D. Uslaner (Bar No. 256898)