CAZ HASHEMI, State Bar No. 210239
Email: chashemi@wsgr.com
BENJAMIN M. CROSSON, State Bar No. 247560
Email: bcrosson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

JESSICA L. SNORGRASS, State Bar No. 259962
Email: jsnorgrass@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900

*Attorneys for Defendants*
*The Trade Desk, Inc., Jeffrey T. Green,*
*Laura Schenkein, and Samantha Jacobson*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re The Trade Desk, Inc. Securities Litigation* | Case No.:  2:25-cv-01396-CAS-DFM<br><br>CLASS ACTION<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: March 9, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8D, 8th Floor<br>Before: Hon. Christina A. Snyder |

**INTRODUCTION**

Defendants The Trade Desk, Inc. ("TTD," or "the Company"), Jeff Green, Laura Schenkein, and Samantha Jacobson (collectively "Defendants") hereby respectfully request that the Court judicially notice certain documents and consider certain documents incorporated by reference in Plaintiff's First Amended Class Action Complaint for Violations of the Federal Securities Laws ("FAC" or "¶"), which are submitted in support of Defendants' Motion to Dismiss First Amended Consolidated Class Action Complaint ("Motion to Dismiss").  True and correct copies of the documents described herein are attached as exhibits ("Ex.") to the Declaration of Benjamin M. Crosson.

**I.    ARGUMENT**

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Consistent with this directive, Defendants submit for the Court's consideration certain of TTD's filings with the U.S. Securities and Exchange Commission ("SEC"), transcripts of certain TTD earnings and industry conference calls, analyst reports, press releases issued by the Company, internet articles, an internet post and a publicly posted video.  All of Defendants' exhibits are properly subject to judicial notice, and *nearly all* have also been incorporated by reference into the FAC.  Consideration of documents under both doctrines is appropriate at the motion to dismiss stage.

**A.    The Court May Take Judicial Notice of TTD's SEC Filings, Conference Call Transcripts, Analyst Reports, Articles, Online Content, and Publicly Posted Video**

Pursuant to Federal Rule of Evidence 201, courts take judicial notice of information "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).  Facts are

not subject to reasonable dispute if they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Orexigen*, 899 F.3d at 999.  The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012); *see Orexigen*, 899 F.3d at 999 ("a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (citation omitted).

  ***SEC Filings.***  Courts routinely take judicial notice of filings with the SEC in the context of motions to dismiss.  *See e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court's judicial notice of "a number of Corinthian's SEC filings… was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on review of a Rule 12(b)(6) dismissal, court "may consider… any matter subject to judicial notice, such as SEC filings"); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (taking judicial notice of SEC filings); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012) ("[c]ourts can consider securities offerings and corporate disclosure documents that are publicly available"); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *12 (C.D. Cal. Jan. 12, 2012) ("[c]ourts regularly take judicial notice of Form 4 filings under this doctrine").

  Accordingly, Defendants request the Court take judicial notice of the existence of, and disclosures made in, the following SEC filings:

**Exhibit 1** Excerpts from TTD's Form 10-K for the fiscal year ended December 31, 2023, filed with the SEC on February 15, 2024

**Exhibit 4** TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC on November 11, 2024

**Exhibit 5**   Excerpts from TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC February 12, 2025

**Exhibit 7**   TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC May 8, 2025

**Exhibit 8**   Excerpts from TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC August 7, 2025

**Exhibit 9**   TTD's Form 8-K attaching Ex. 99.1 regarding Chief Financial Officer transition, filed with the SEC August 7, 2025

**Exhibit 14**   Excerpts from TTD's Form 10-Q for the quarter ended September 30, 2024, filed with the SEC on November 7, 2024

**Exhibit 15**   Excerpts from TTD's Form 10-Q for the quarter ended March 31, 2025, filed with the SEC on May 8, 2025

**Exhibit 24**   Compilation of nine Forms 4 regarding Jeff Green's ownership of TTD securities, filed with the SEC between November 17, 2023 and April 17, 2025

**Exhibit 25**   Compilation of nine Forms 4 regarding Laura Schenkein's ownership of Trade Desk securities, filed with the SEC between September 5, 2023 and May 19, 2025

**Exhibit 26**   TTD's Form 8-K attaching Ex. 99.1 regarding Chief Financial Officer transition, filed with the SEC on May 10, 2023

**Exhibit 27**   Compilation of one Form 3 and eight Forms 4 regarding Samantha Jacobson's ownership of TTD securities, filed with the SEC between January 26, 2024 and May 19, 2025

*Conference Call Transcripts.* "An investor call transcript submitted to the SEC generally qualifies as a 'source[] whose accuracy cannot reasonably be questioned.'" *Orexigen*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). Courts routinely take judicial notice of earnings and investor conference call transcripts for the purpose of determining what was disclosed to investors. *See, e.g.*, *Am. Apparel*, 855 F. Supp. 2d at 1062 (taking judicial notice of conference call transcripts); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) (same; "[i]t is appropriate for the Court to take judicial notice of such documents").

Accordingly, Defendants request that the Court take judicial notice of the following transcripts of the Company's earnings calls and investor conferences:

**Exhibit 2**   FactSet CallStreet's transcript of TTD's Q4 2023 Earnings Call, dated February 15, 2024

**Exhibit 6**   FactSet CallStreet's transcript of TTD's Q4 2024 Earnings Call, dated February 12, 2025

**Exhibit 13**   FactSet CallStreet's transcript of TTD's Q1 2025 Earnings Call, dated May 8, 2025

**Exhibit 16**   FactSet CallStreet's transcript of TTD's Q3 2024 Earnings Call, dated November 7, 2024

**Exhibit 22**   FactSet CallStreet's transcript of TTD's Q2 2024 Earnings Call, dated August 8, 2024

**Exhibit 23**   FactSet CallStreet's transcript of TTD's Q1 2024 Earnings Call, dated May 8, 2024

*Analyst Reports.*   "Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish 'whether and when certain information was provided to the market,' not the truth of the matters asserted in the reports." *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (citation omitted).  Thus, "courts routinely take judicial notice of analyst reports ... in order to determine what may or may not have been disclosed to the public." *See, e.g.*, *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013) (taking judicial notice of analyst reports); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (same); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst report not for truth of its contents, "but to determine the information available to the market").

Defendants seek judicial notice of certain analyst reports below, not for their truth, but to establish what was known in the market and what was reported by those analysts.  Those are facts which are not subject to reasonable dispute, and

which were equally available to Plaintiff as to Defendants. Defendants seek judicial notice of the following analyst reports:

**Exhibit 3**    Analyst report published by Truist Securities, dated November 20, 2024

**Exhibit 10**    Analyst report published by BofA Securities, dated August 8, 2025

**Exhibit 11**    Analyst report published by MoffettNathanson, dated August 8, 2025

**Exhibit 12**    Analyst report published by Wedbush, dated August 8, 2025

**Exhibit 19**    Analyst report published by BTIG, LLC, dated August 9, 2024

**Exhibit 20**    Analyst report published by Wedbush, dated August 9, 2024

**Exhibit 21**    Analyst report published by Morgan Stanley, dated August 9, 2024

**Exhibit 29**    Analyst report published by Needham, dated March 7, 2025

**Exhibit 30**    Analyst report published by KeyBanc Capital Markets, dated March 16, 2025

*Articles, Online Content, and Public Video.* As with analyst reports, courts regularly take judicial notice of other publications and online content, such as articles, press releases, videos, and other material publicly posted on the internet for the purpose of determining what information was available to the public at the time. *See, e.g.*, *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of press releases and articles); *Toufanian v. Oreffice*, 2021 WL 4353115, at *1 (C.D. Cal. July 16, 2021) (taking judicial notice of screenshots of biographical information from websites); *Novation Sols., Inc. v. Issuance Inc.*, 2023 WL 6373871, at *14 (C.D. Cal. Aug. 16, 2023) (taking judicial notice of videos available on publicly available website); *Saunders v. Brown*, 2022 WL 22970162, at *2 (C.D. Cal. Nov. 21, 2022) (same). Defendants seek judicial notice of several articles, press releases, a public post made on Reddit, and screenshots of the "About Us" page of CSIMarket's website, and a video posted to YouTube for the purpose of establishing that the information in these public media

was available to the public at the time they were published, which is beyond reasonable dispute.

Accordingly, Defendants request that the Court take judicial notice of the following publicly available articles, press releases, web content and video:

**Exhibit 17**   Article published by *AdWeek*, dated March 11, 2025

**Exhibit 18**   Thread posted to Reddit, https://www.reddit.com/r/programmatic/comments/1dey74t/ttd_kokai_release_ttd_api_marketplace/?rdt=50732

**Exhibit 28**   Screenshots from https://csimarket.com/help/About_us.php, taken on October 10, 2025

**Exhibit 31**   Article published by *AdWeek*, dated June 5, 2025

**Exhibit 32**   "Sellers and Publishers 500+" video posted to YouTube on June 3, 2024, https://www.youtube.com/watch?v=LrGzXWKE56o

**B.     The Court May Consider the Full Content of Documents Incorporated by Reference into the First Amended Complaint**

All of Defendants' exhibits are properly subject to judicial notice.  And nearly all of them have also been incorporated by reference into the FAC.  The Ninth Circuit has reaffirmed that, on a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim."  *Orexigen*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015) ("We may consider materials incorporated into the complaint[.]") (citation omitted).

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself."  *Orexigen*, 899 F.3d at 1002; *see In re Nektar Therapeutics Sec. Litig*, 2020 WL 3962004, at *7 (N.D. Cal. Jul 13, 2020).  The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*,

779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference). The doctrine is "designed to prevent artful pleading by plaintiffs." *Orexigen*, 899 F.3d at 1003. In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002; *Wide Voice, LLC v. CenturyLink Commc'ns, LLC*, 2021 WL 6882153, at *3 (C.D. Cal. Dec. 3, 2021) (incorporation by reference "prevents plaintiffs from cherry-picking certain portions of documents that support their claims"). And, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Biotechnology Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1201 (N.D. Cal. 2013) (refusing to find scienter based on a "central allegation" that was contradicted by an email incorporated by reference).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases, transcripts of earning calls and investor conferences, material posted publicly online, and analyst reports. *Orexigen*, 899 F.3d at 1003-07 (district court properly considered analyst report, blog posts, internet and other articles, agency report and registration statement under incorporation by reference doctrine); *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5-7 (C.D. Cal. Mar. 5, 2021) (incorporating SEC filings, press release and research reports); *Wyatt v. Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) (incorporating conference call transcripts and SEC filings); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *6-7 (N.D. Cal. Nov. 28, 2021) (considering, *inter alia*, transcripts of earnings and investor conferences, SEC filings, news articles and analyst report under incorporation by reference doctrine); *In re Cloudera, Inc. Sec. Litig.*, 2021 WL 2115303, at *4, *8 (N.D. Cal. May 25, 2021)

(complaint incorporated earnings and conference calls transcripts); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (considering press releases, earnings call transcripts, SEC filings under incorporation by reference doctrine). Defendants therefore request that the Court consider the following documents, which the FAC references or necessarily relies on, and which form the basis of Plaintiff's claims:

**Exhibit 1** Excerpts from TTD's Form 10-K for the fiscal year ended December 31, 2023, filed with the SEC on February 15, 2024, referenced in the FAC ¶¶26, 176

**Exhibit 2** FactSet CallStreet's transcript of TTD's Q4 2023 Earnings Call, dated February 15, 2024, referenced in the FAC ¶¶37, 63, 92, 116, 154, 177-181, 230, 260, 264

**Exhibit 3** Analyst report published by Truist Securities, dated November 20, 2024, referenced in the FAC ¶¶212(f), 213

**Exhibit 4** TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC on November 11, 2024, referenced in the FAC ¶¶41, 67, 156, 207, 209-211

**Exhibit 5** Excerpts from TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC February 12, 2025, referenced in the FAC ¶¶10, 128, 160, 214, 226

**Exhibit 6** FactSet CallStreet's transcript of TTD's Q4 2024 Earnings Call, dated February 12, 2025, referenced in the FAC ¶¶10, 68, 129, 134, 215-218, 226-229, 235, 246, 264

**Exhibit 8** Excerpts from TTD's Form 8-K attaching Ex. 99.1 regarding financial results, filed with the SEC August 7, 2025, referenced in the FAC ¶¶2, 12, 47, 142, 239

**Exhibit 9** TTD's Form 8-K attaching Ex. 99.1 regarding Chief Financial Officer transition, filed with the SEC August 7, 2025, referenced in the FAC ¶268

**Exhibit 10** Analyst report published by BofA Securities, dated August 8, 2025, referenced in the FAC ¶¶143, 240

**Exhibit 11** Analyst report published by MoffettNathanson, dated August 8, 2025, referenced in the FAC ¶¶143, 240

**Exhibit 12** Analyst report published by Wedbush, dated August 8, 2025, referenced in the FAC ¶¶143, 240

**Exhibit 13** FactSet CallStreet's transcript of TTD's Q1 2025 Earnings Call, dated May 8, 2025, referenced in the FAC ¶¶141, 219-223

**Exhibit 14**   Excerpts from TTD's Form 10-Q for the quarter ended September 30, 2024, filed with the SEC on November 7, 2024, referenced in the FAC ¶207

**Exhibit 15**   Excerpts from TTD's Form 10-Q for the quarter ended March 31, 2025, filed with the SEC on May 8, 2025, referenced in the FAC ¶219

**Exhibit 16**   FactSet CallStreet's transcript of TTD's Q3 2024 Earnings Call, dated November 7, 2024, referenced in the FAC¶¶ 41, 67, 156, 207, 209-211

**Exhibit 17**   Article published by *AdWeek*, dated March 11, 2025, referenced in the FAC ¶¶2, 79, 136, 137, 236-237

**Exhibit 18**   Thread posted to Reddit, https://www.reddit.com/r/programmatic/comments/1dey74t/ttd_kokai_release_ttd_api_marketplace/?rdt=50732, referenced in the FAC ¶¶113, 115

**Exhibit 19**   Analyst report published by BTIG, LLC, dated August 9, 2024, referenced in the FAC ¶40

**Exhibit 20**   Analyst report published by Wedbush, dated August 9, 2024, referenced in the FAC ¶¶40, 69

**Exhibit 21**   Analyst report published by Morgan Stanley, dated August 9, 2024, referenced in the FAC ¶ 40

**Exhibit 22**   FactSet CallStreet's transcript of TTD's Q2 2024 Earnings Call, dated August 8, 2024, referenced in the FAC ¶¶39, 44, 66, 84, 101, 155, 201, 203-206

**Exhibit 23**   FactSet CallStreet's transcript of TTD's Q1 2024 Earnings Call, dated May 8, 2024, FAC ¶¶ 34, 64, 182-184, 186-188

**Exhibit 24**   Compilation of nine Forms 4 regarding Jeff Green's ownership of TTD securities, filed with the SEC between November 17, 2023 and April 17, 2025, referenced in the FAC ¶¶148-162, 169, 244-245

**Exhibit 25**   Compilation of nine Forms 4 regarding Laura Schenkein's ownership of TTD securities, filed with the SEC between September 9, 2023 and May 19, 2025, referenced in the FAC ¶¶149-162, 170, 244-245

**Exhibit 27**   Compilation of a one Form 3 and eight Forms 4 regarding Samantha Jacobson's ownership of TTD securities, filed with the SEC between January 26 and May 19, 2025, referenced in the FAC ¶¶150-162, 171, 244-245

**Exhibit 29**   Analyst report published by Needham, dated March 7, 2025, referenced in the FAC ¶11

**Exhibit 30**   Analyst report published by KeyBanc Capital Markets, dated March 16, 2025, referenced in the FAC ¶11

**Exhibit 31**   Article published by *AdWeek*, dated June 5, 2025, referenced in the FAC ¶126

**Exhibit 32**   "Sellers and Publishers 500+" video posted to YouTube on June 3, 2024, https://www.youtube.com/watch?v=LrGzXWKE56o.TTD YouTube Video, "Sellers and Publishers 500+", referenced in the FAC ¶¶193-195

## CONCLUSION

For the foregoing reasons, Defendants request the Court consider and notice the above-referenced documents in connection with their Motion to Dismiss.

Dated: October 14, 2025                   WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation


                                          By: /s/ *Caz Hashemi*
                                              CAZ HASHEMI
                                              E-mail: chashemi@wsgr.com

                                              *Attorney for Defendants*
                                              *The Trade Desk, Inc.,*
                                              *Jeffrey T. Green, Laura Schenkein,*
                                              *and Samantha Jacobson*