**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3481

*Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi, and Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Laura H. Posner (admitted *pro hac vice*)
lposner@cohenmilstein.com
88 Pine Street, 14th Floor
New York, NY 10005
Tel:     (212) 220-2925

*Counsel for Lead Plaintiff Arkansas Public Employees' Retirement System, and Lead Counsel for the Class*

[Additional counsel in signature block]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re The Trade Desk, Inc. Securities Litigation* | Case No. 2:25-cv-01396-CAS-DFM <br><br> <u>CLASS ACTION</u> <br><br> **LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Judge: Christina A. Snyder <br> Date: March 9, 2026 <br> Time: 10:00 a.m. <br> Courtroom: 8D |

On January 6, 2026, Judge Wise, for the District Court for the Northern District of California, issued an Order, attached hereto as Exhibit A, in *Gonsalves v. Block, Inc.*, No. 5:25-cv-00642 (N.D. Cal. Jan. 6, 2026) ("*Block*"), denying a motion to dismiss that raised similar arguments to those made by Defendants in this case (the "Order").

1.     In *Block*, the court found that plaintiff adequately alleged that defendants' statements regarding the number and growth of users on its platform were false and misleading because Block improperly counted users who had multiple accounts as multiple users. Order at 10-11. Similarly, Lead Plaintiff here alleges that Defendants' statements regarding adoption of Kokai by The Trade Desk ("Trade Desk") clients were false and misleading because Trade Desk improperly counted clients who were still primarily using Solimar as having "adopted" Kokai. *Compare* Order at 10-11 *with Trade Desk* Opp. Mot. to Dismiss at 3-5, 23-24, Dec. 12, 2025, ECF No. 84 ("*Trade Desk* Opp. Mot. to Dismiss").

2.     In *Block*, the court also found that defendants' statements were not mere corporate puffery, rejecting their claim, like Defendants' claim here, that the alleged false and misleading statements were "so obviously unimportant … that reasonable minds could not differ on the question of their unimportance" (quoting *Mulligan v. Impax Lab'ys, Inc.*, 36 F. Supp. 3d 942, 967 (N.D. Cal. 2014)). *Compare* Order at 12 n.6 *with Trade Desk* Opp. Mot. to Dismiss at 15-17. In so doing, the court explained that a puffery analysis "entail[s] fact-intensive assessments that are more properly left to the jury." Order at 12 n.6.

3.     In addition, the court in *Block* found that plaintiff adequately alleged defendants acted with scienter because "it would be 'absurd' to suggest that management was without knowledge of the matter" given that—like here—the individual defendants "held key roles that regularly engaged with and oversaw reporting and compliance obligations" and "continued to publicly promote inflated user metrics." *Compare* Order at 12-14 *with Trade Desk* Opp. Mot. to Dismiss at 22-

23, 27-28. In so doing, the court rejected the *Block* defendants' claim, like Defendants' claim here, that information provided by former Block employees lacked sufficient detail.[1]

4.      Finally, the court in *Block* found that plaintiff sufficiently alleged loss causation, rejecting defendants' argument, like Defendants' argument here, that revenue misses cannot be corrective disclosures. *Compare* Order at 14-15 *with Trade Desk* Opp. Mot. to Dismiss at 28-29.

---

[1] The *Block* defendants argued, like Defendants argue here, that the former employees did not have sufficient direct contact with defendants or provide sufficient detail regarding internal reporting that allegedly contradicted public statements, and that plaintiff's description of key all-hands meetings lacked details, like what compliance issues were discussed, by whom, or when, to indicate knowledge by the defendants. *Compare Block* Mot. to Dismiss at 17-20, *Gonsalves v. Block, Inc.*, No. 5:25-cv-00642 (N.D. Cal. July 30, 2025), ECF No. 108 *with Trade Desk* Opp. Mot. to Dismiss at 24-26.

Dated: January 22, 2026          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

/s/ *Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

-and-

Hannah Ross (admitted *pro hac vice*)
(hannah@blbglaw.com)
John Rizio-Hamilton (admitted *pro hac vice*)
(johnr@blbglaw.com)
Prachi Patel (admitted *pro hac vice*)
(prachi.patel@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400

*Counsel for Lead Plaintiff
Public Employees' Retirement System of
Mississippi, and Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS
  & TOLL PLLC**

Laura H. Posner (admitted *pro hac vice*)
(lposner@cohenmilstein.com)
Brendan R. Schneiderman
(bschneiderman@cohenmilstein.com)
88 Pine St., 14th Floor
New York, NY 10005
Tel.: (212) 838-7797

-and-

Steven J. Toll (admitted *pro hac vice*)
(stoll@cohenmilstein.com)
Molly J. Bowen (admitted *pro hac vice*)
(mbowen@cohenmilstein.com)
1100 New York Avenue, N.W., Suite 800
Washington, D.C. 20005
Tel.: (202) 408-4600

*Counsel for Lead Plaintiff Arkansas Public
Employees' Retirement System, and Lead
Counsel for the Class*

John L. Davidson (admitted *pro hac vice*)
(jdavidson@dbslawfirm.net)
DAVIDSON, PLLC
1062 Highland Colony Parkway
200 Concourse, Suite 275
Ridgeland, Mississippi 39157
Tel.: (601) 932-0028

*Additional Counsel for Lead Plaintiff Public
Employees' Retirement System of Mississippi*