CAZ HASHEMI, State Bar No. 210239
chashemi@wsgr.com
BENJAMIN M. CROSSON, State Bar No. 247560
bcrosson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

JESSICA L. SNORGRASS, State Bar No. 259962
jsnorgrass@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900

*Attorneys for Defendants*
*The Trade Desk, Inc., Jeffrey Terry Green,*
*Laura Schenkein and Samantha Jacobson*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re The Trade Desk, Inc. Securities Litigation* | ) Case No.: 2:25-cv-01396-CAS-DFM<br>)<br>) CLASS ACTION<br>)<br>) **DEFENDANTS' ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br>) |

Defendants The Trade Desk, Inc. ("Trade Desk" or the "Company") along with individual defendants Jeffrey Terry Green, Laura Schenkein, and Samantha Jacobson (the "Individual Defendants" and, together with Trade Desk, "Defendants") hereby answer the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), ECF No. 74, filed by Lead Plaintiffs Arkansas Public Employees Retirement System and Public Employees' Retirement System of Mississippi (together, "Plaintiff") on August 15, 2025 in the above-captioned action.

## GENERAL DENIAL

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings and subheadings are not included herein.  To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

Except as expressly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, all allegations and/or statements in the numbered paragraphs, footnotes, and the prayer for relief. Defendants also deny any liability to Plaintiff and further deny that Plaintiff has suffered any legally cognizable damages for which any Defendant is responsible. Defendants further answer the numbered paragraphs in the Complaint as follows:

## ANSWER TO COMPLAINT PARAGRAPHS

1. The allegations in Paragraph 1 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 1 purports to characterize Defendants' public statements during the Class Period.  These statements speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterizations of those

statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 2 purports to characterize statements made in the Trade Desk's February 12, 2025 Form 8-K and attached press release. The statements speak for themselves, and Defendants refer to the February 12, 2025 Form 8-K and attached press release for its complete contents. Defendants deny Plaintiff's characterization of the statements. Defendants admit that Trade Desk's stock traded at $122.23 per share at market close on February 12, 2025. Defendants admit that Trade Desk's stock traded at $81.92 per share at market close on February 13, 2025. Defendants admit that Paragraph 2 purports to quote from and characterize a March 11, 2025 article by *AdWeek*. The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the March 11, 2025 *AdWeek* article. Defendants admit that Paragraph 2 purports to characterize statements made in two Forms 8-K and their attached press releases filed by Trade Desk on August 7, 2025. The statements speak for themselves, and Defendants refer to the August 7, 2025 Forms 8-K and attached press releases for their complete contents. Defendants deny Plaintiff's characterization of the statements. Defendants admit that Trade Desk's stock traded at $88.33 per share at market close on August 7, 2025. Defendants admit that Trade Desk's stock traded at $54.23 per share at market close on August 8, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 2.

3. Defendants admit that Trade Desk is a digital advertising purchasing platform that helps clients purchase advertising space on websites, mobile devices, electronic billboards, and other digital spaces sometimes targeted to the key consumer demographics that advertisers want to reach, and that Trade Desk earns

revenue, in part, when clients spend money to buy ad space through its platform by charging for a percentage of the money spent buying ad space. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 3.

4. Defendants admit that Trade Desk had an ad buying platform called Solimar prior to the start of the Class Period and that Solimar was launched in 2021. Defendants admit that Trade Desk reported $1,196,467,000 in revenue for the year ended December 31, 2021. Defendants admit that Trade Desk reported $1,946,120,000 in revenue for the year ended December 31, 2023. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 4.

5. Defendants admit that Paragraph 5 purports to characterize a June 6, 2023 press release issued by the Company. The June 6, 2023 press release speaks for itself, and Defendants refer to it for its complete contents. Defendants deny Plaintiff's characterization of the press release. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that Paragraph 6 purports to characterize and quote statements made by Mr. Green during Trade Desk's February 15, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Defendants admit that Paragraph 6 purports to quote from a statement purportedly provided to and released by BTIG in a November 7, 2024 report. The statement speaks for itself, and Defendants refer to the November 7, 2024 BTIG report for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context. Defendants admit that Paragraph 6 purports to characterize and quote statements from a February 16, 2024 analyst report by Susquehanna Financial Group, a February 22, 2024 analyst report by Needham, and an August 8, 2024 analyst report by Capital Market Labs. The statements in the analyst reports speak for themselves, and

Defendants refer to the analyst reports for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements purportedly taken from the analyst reports.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 6.

7.    The allegations in Paragraph 7 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 7.

8.    The allegations in Paragraph 8 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit Paragraph 8 purports to quote from a statement purportedly made during Trade Desk's February 15, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the earnings call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 8.

9.    The allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 9 purports to characterize certain unspecified Tableau dashboards.  The dashboards speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the dashboards.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Plaintiff purports to refer to statements made on Trade Desk's February 12, 2025 earnings conference call.  The statements speak for themselves, and Defendants refer to the earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny

Plaintiff's characterization of the statements.  Defendants admit that Trade Desk's stock price closed at $122.23 on February 12, 2025.  Defendants admit that Trade Desk's stock price closed at $81.92 on February 13, 2025.  Defendants admit that Paragraph 10 purports to characterize and quote from a February 13, 2025 online post by CSIMarket.com.  The February 13, 2025 CSIMarket.com post speaks for itself, and Defendants refer to it for its complete contents.  Defendants deny that Plaintiff's selected quotation is complete or presented with full context and deny Plaintiff's characterization of the post.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 10.

11.    Defendants admit that Paragraph 11 purports to characterize a March 11, 2025 article by *AdWeek*.  The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents.  Defendants deny Plaintiff's characterization of the March 11, 2025 *AdWeek* article.  Defendants lack knowledge and information sufficient to form a belief as to whether the March 11, 2025 *AdWeek* article "became more widespread on social media" "[o]ver the next forty-eight hours" and, on that basis, deny the allegation.  Defendants admit that Paragraph 11 purports to quote from and characterize language in a March 7, 2025 Needham analyst report (which was later repeated in a March 13, 2025 Needham report) and a March 16, 2025 Keybanc analyst report.  The analyst reports speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterizations of the reports.   Except as expressly admitted herein, Defendants deny the allegations in Paragraph 11.

12.    Defendants admit that Paragraph 12 purports to quote from and characterize statements made in Trade Desk's August 7, 2025 Form 8-K and attached press release.  The statements speak for themselves, and Defendants refer to the August 7, 2025 Form 8-K and attached press release for their complete contents.  Defendants deny Plaintiff's characterization of the statements.

Defendants lack knowledge and information sufficient to form a belief as to whether analysts understood the Company's results were due to purported slow adoption of Kokai and, on that basis, deny the allegation. Defendants admit that Trade Desk's stock traded at $88.33 per share at market close on August 7, 2025 and that it traded at $54.23 at market close on August 8, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 12.

13. The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 include legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the following transactions:

| Jeff Green | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 75,000 | Sale | $ 81.77 | February 21, 2024 | Yes |
| 75,000 | Sale | $ 83.88 | February 22, 2024 | Yes |
| 53,615 | Sale | $ 81.92 | February 23, 2024 | Yes |
| 20,885 | Sale | $ 83.26 | February 23, 2024 | Yes |
| 500 | Sale | $ 83.85 | February 23, 2024 | Yes |
| 59,358 | Sale | $ 83.49 | March 8, 2024 | Yes |
| 75,000 | Sale | $ 84.78 | March 21, 2024 | Yes |
| 75,000 | Sale | $ 84.73 | March 22, 2024 | Yes |
| 75,000 | Sale | $ 85.42 | March 25, 2024 | Yes |
| 66,007 | Sale | $ 87.38 | April 3, 2024 | Yes |
| 74,367 | Sale | $ 87.28 | April 4, 2024 | Yes |
| 633 | Sale | $ 87.97 | April 4, 2024 | Yes |
| 2,600 | Sale | $ 86.41 | April 15, 2024 | Yes |
| 75,000 | Sale | $ 85.13 | April 26, 2024 | Yes |
| 59,069 | Sale | $ 84.35 | April 29, 2024 | Yes |
| 15,931 | Sale | $ 84.92 | April 29, 2024 | Yes |
| 55,522 | Sale | $ 84.01 | April 30, 2024 | Yes |
| 8,414 | Sale | $ 84.55 | April 30, 2024 | Yes |

| Jeff Green | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 85,199 | Sale | $ 103.53 | August 22, 2024 | Yes |
| 50,723 | Sale | $ 104.05 | August 22, 2024 | Yes |
| 225,840 | Sale | $ 104.06 | August 26, 2024 | Yes |
| 57,589 | Sale | $ 104.75 | August 26, 2024 | Yes |
| 115,619 | Sale | $ 109.35 | September 20, 2024 | Yes |
| 84,381 | Sale | $ 109.64 | September 20, 2024 | Yes |
| 170,693 | Sale | $ 108.58 | September 23, 2024 | Yes |
| 25,207 | Sale | $ 109.14 | September 23, 2024 | Yes |
| 4,100 | Sale | $ 110.04 | September 23, 2024 | Yes |
| 195,255 | Sale | $ 110.53 | September 25, 2024 | Yes |
| 4,745 | Sale | $ 111.09 | September 25, 2024 | Yes |
| 83,204 | Sale | $ 108.87 | September 26, 2024 | Yes |
| 101,489 | Sale | $ 109.35 | September 26, 2024 | Yes |
| 9,307 | Sale | $ 110.57 | September 26, 2024 | Yes |
| 6,000 | Sale | $ 111.72 | September 26, 2024 | Yes |
| 57,736 | Sale | $ 112.62 | October 4, 2024 | Yes |
| 142,264 | Sale | $ 113.10 | October 4, 2024 | Yes |
| 95,032 | Sale | $ 111.75 | October 7, 2024 | Yes |
| 83,843 | Sale | $ 112.66 | October 7, 2024 | Yes |
| 21,125 | Sale | $ 113.35 | October 7, 2024 | Yes |
| 16,812 | Sale | $ 114.91 | October 9, 2024 | Yes |
| 63,837 | Sale | $ 115.65 | October 9, 2024 | Yes |
| 1,400 | Sale | $ 125.16 | January 7, 2025 | Yes |
| 12,925 | Sale | $ 125.21 | January 7, 2025 | Yes |
| 3,494 | Sale | $ 126.29 | January 7, 2025 | Yes |
| 388 | Sale | $ 126.29 | January 7, 2025 | Yes |
| 8,400 | Sale | $ 123.95 | January 21, 2025 | Yes |
| 92,540 | Sale | $ 123.96 | January 21, 2025 | Yes |
| 39,797 | Sale | $ 124.71 | January 21, 2025 | Yes |
| 323,807 | Sale | $ 124.75 | January 21, 2025 | Yes |
| 44,406 | Sale | $ 125.58 | January 21, 2025 | Yes |
| 4,003 | Sale | $ 125.63 | January 21, 2025 | Yes |
| 18,058 | Sale | $ 120.85 | January 22, 2025 | Yes |
| 164,166 | Sale | $ 120.86 | January 22, 2025 | Yes |

| Jeff Green | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 76,619 | Sale | $ 121.98 | January 22, 2025 | Yes |
| 8,842 | Sale | $ 121.98 | January 22, 2025 | Yes |
| 109,350 | Sale | $ 122.83 | January 22, 2025 | Yes |
| 12,065 | Sale | $ 122.84 | January 22, 2025 | Yes |
| 869 | Sale | $ 124.55 | January 22, 2025 | Yes |
| 16,666 | Sale | $ 125.09 | January 22, 2025 | Yes |
| 1,770 | Sale | $ 125.10 | January 22, 2025 | Yes |
| 100 | Sale | $ 125.94 | January 22, 2025 | Yes |
| 700 | Sale | $ 125.99 | January 22, 2025 | Yes |
| 7,657 | Sale | $ 120.12 | January 30, 2025 | Yes |
| 41,546 | Sale | $ 120.28 | January 30, 2025 | Yes |
| 33,936 | Sale | $ 121.47 | January 30, 2025 | Yes |
| 3,900 | Sale | $ 121.51 | January 30, 2025 | Yes |
| 9,285 | Sale | $ 122.32 | January 30, 2025 | Yes |
| 800 | Sale | $ 122.42 | January 30, 2025 | Yes |
| 2,809 | Sale | $ 123.40 | January 30, 2025 | Yes |
| 30,565 | Sale | $ 123.44 | January 30, 2025 | Yes |
| 12,296 | Sale | $ 124.10 | January 30, 2025 | Yes |
| 1,191 | Sale | $ 124.11 | January 30, 2025 | Yes |
| 256,075 | Sale | $ 120.47 | February 11, 2025 | Yes |
| 28,727 | Sale | $ 120.47 | February 11, 2025 | Yes |
| 100,205 | Sale | $ 121.16 | February 11, 2025 | Yes |
| 10,973 | Sale | $ 121.18 | February 11, 2025 | Yes |
| 300 | Sale | $ 122.11 | February 11, 2025 | Yes |
| 3,720 | Sale | $ 122.21 | February 11, 2025 | Yes |
| 23,945 | Sale | $ 80.03 | May 12, 2025 | Yes |
| 2,739 | Sale | $ 80.03 | May 12, 2025 | Yes |
| 2,797 | Sale | $ 80.06 | May 13, 2025 | Yes |
| 396 | Sale | $ 80.06 | May 13, 2025 | Yes |

| Laura Schenkein | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 2,613 | Sale | $ 66.48 | November 17, 2023 | Yes |

| Laura Schenkein | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 3,391 | Sale | $ 89.53 | February 16, 2024 | Yes |
| 37,140 | Sale | $ 95.43 | June 14, 2024 | Yes |
| 6,565 | Sale | $ 95.11 | June 14, 2024 | Yes |
| 25,000 | Sale | $ 100.43 | July 9, 2024 | Yes |
| 3,130 | Sale | $ 99.33 | August 16, 2024 | Yes |
| 25,000 | Sale | $ 115.43 | October 9, 2024 | Yes |
| 25,000 | Sale | $ 120.43 | October 22, 2024 | Yes |
| 27,687 | Sale | $ 127.55 | November 7, 2024 | Yes |
| 3,131 | Sale | $ 117.97 | November 18, 2024 | Yes |
| 6,374 | Sale | $ 70.00 | May 9, 2025 | Yes |
| 4,225 | Sale | $ 76.56 | May 16, 2025 | Yes |
| 584 | Sale | $ 77.39 | May 16, 2025 | Yes |

| Samantha Jacobson | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 510 | Sale | $ 83.33 | February 20, 2024 | |
| 1,842 | Sale | $ 83.33 | February 20, 2024 | |
| 6,471 | Sale | $ 83.33 | February 20, 2024 | |
| 6,183 | Sale | $ 83.91 | February 20, 2024 | |
| 600 | Sale | $ 99.50 | August 12, 2024 | |
| 2,210 | Sale | $ 99.50 | August 12, 2024 | |
| 7,765 | Sale | $ 99.50 | August 12, 2024 | |
| 7,605 | Sale | $ 99.50 | August 12, 2024 | |
| 2,982 | Sale | $ 99.50 | August 12, 2024 | |
| 4,872 | Sale | $ 99.50 | August 16, 2024 | |
| 400 | Sale | $ 127.89 | November 29, 2024 | Yes |
| 1,473 | Sale | $ 128.13 | November 29, 2024 | Yes |
| 5,177 | Sale | $ 128.32 | November 29, 2024 | Yes |
| 9,640 | Sale | $ 128.23 | November 29, 2024 | Yes |
| 500 | Sale | $ 128.70 | November 29, 2024 | Yes |
| 4,722 | Sale | $ 128.24 | November 29, 2024 | Yes |
| 100 | Sale | $ 128.72 | November 29, 2024 | Yes |
| 100 | Sale | $ 118.75 | December 30, 2024 | Yes |

| Samantha Jacobson | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 368 | Sale | $ 118.90 | December 30, 2024 | Yes |
| 994 | Sale | $ 119.56 | December 30, 2024 | Yes |
| 300 | Sale | $ 120.04 | December 30, 2024 | Yes |
| 1,435 | Sale | $ 119.10 | December 30, 2024 | Yes |
| 1,100 | Sale | $ 119.93 | December 30, 2024 | Yes |
| 100 | Sale | $ 117.88 | January 28, 2025 | Yes |
| 369 | Sale | $ 118.00 | January 28, 2025 | Yes |
| 1,094 | Sale | $ 118.69 | January 28, 2025 | Yes |
| 1,666 | Sale | $ 118.34 | January 28, 2025 | Yes |
| 869 | Sale | $ 118.98 | January 28, 2025 | Yes |
| 200 | Sale | $ 119.13 | January 28, 2025 | Yes |

Defendants admit that the Form 4 filed by the Company on February 13, 2025 reflects the sale of 400,000 shares of Mr. Green's Trade Desk stock at share prices between $120.47 and $122.21 on February 11, 2025, pursuant to a 10b5-1 plan adopted September 12, 2024.  Defendants admit that Trade Desk's stock traded at $122.23 per share at market close on February 12, 2025 and traded at $81.92 per share at market close on February 13, 2025.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 14.

15.    The allegations in Paragraph 15 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 15.

16.    Defendants admit that Plaintiff purports to assert claims under Sections 10(b), 20(a) and 20A of the Exchange Act and Rule 10b-5 promulgated thereunder.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 16.

17.    Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange

DEFENDANTS' ANSWER TO FAC
CASE NO.: 2:25-CV-01396-CAS-DFM
-10-

Act.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that venue is proper for the purposes of this case and that Trade Desk is headquartered in this Judicial District.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that the Company's common stock trades on the NASDAQ Exchange.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 19.

20.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, deny the allegations.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny the allegations.

22.     Defendants admit the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 contain legal conclusions for which no response is required.  To the extent a response is necessary, Defendants admit that Mr. Green co-founded Trade Desk in 2009.  Defendants further admit that Mr. Green has served as Trade Desk's Co-Founder, CEO, and Chairman.  Defendants further admit that Mr. Green signed Trade Desk's Forms 10-Q and 10-K and spoke publicly on earnings conference calls, to analysts, on Trade Desk's social media platforms, and to the press.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Mr. Green referenced in the table labeled "Jeff Green" in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 contain legal conclusions for which no response is required.  To the extent a response is necessary, Defendants admit that

DEFENDANTS' ANSWER TO FAC
CASE NO.: 2:25-CV-01396-CAS-DFM

-11-

Ms. Schenkein was announced as Trade Desk's CFO on May 10, 2023 and that she held that role from June 1, 2023 through August 7, 2025.  Defendants admit that Ms. Schenkein was Trade Desk's director of Financial Planning & Analysis from 2014 to 2023.  Defendants further admit that, in her role as CFO, Ms. Schenkein signed Trade Desk's Forms 10-Q and 10-K and spoke on earnings conference calls, to analysts, and to the press.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Schenkein referenced in the table labeled "Laura Schenkein" in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 24.

25.    The allegations in Paragraph 25 contain legal conclusions for which no response is required.  To the extent a response is necessary, Defendants admit that Ms. Jacobson has been Trade Desk's Chief Strategy Officer and Executive Vice President since February 2022 and that Ms. Jacobson joined Trade Desk's board in January 2024.  Defendants admit that, while serving as Chief Strategy Officer and Executive Vice President, Ms. Jacobson signed Trade Desk's Forms 10-K and participated in certain advertising technology conferences.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Jacobson referenced in the table labeled "Samantha Jacobson" in Defendants' response to Paragraph 14.  Defendants admit that former employee James Wagner filed a complaint on June 27, 2025 in California Superior Court.  Defendants admit that Mr. Wagner served as Trade Desk Lead Principal Technical Account Manager from April 2022 to April 2025.  Defendants admit that Paragraph 25 purports to quote from and characterize the content of Mr. Wagner's complaint.  The June 27, 2025 complaint speaks for itself, and Defendants refer to the complaint for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the June 27, 2025 complaint.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 25.

26.     Paragraph 26 and footnote 1 contain legal conclusions for which no response is required.  To the extent a response is necessary, Defendants admit that Mr. Green, Ms. Schenkein, and Ms. Jacobson participated in the management of Trade Desk's operations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 26 and footnote 1.

27.     Defendants admit that Trade Desk was founded in 2009 by Mr. Green and Dave Pickles, that Dave Pickles served as Chief Technology Officer in 2009, and that Trade Desk is an advertising technology company that helps advertisers optimize their advertising budgets across digital formats, including CTV, webpages, social media, podcasts, mobile devices, computers, and streaming devices.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 27 and footnote 2.

28.     Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff's characterization describes all advertisers' goals and, on that basis, deny the allegations in Paragraph 28.

29.     Defendants admit that Trade Desk has certain information available to it about audiences and ad publishers.  Defendants admit that Trade Desk uses proprietary technology and algorithms to analyze certain data and bid on its clients' behalf to place ads in digital spaces that will yield the highest quality ad impressions.  Defendants admit this type of ad-buying (i.e., using algorithmic software that automates ad buying) is known as "programmatic advertising."  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that Trade Desk's platform allows clients to design and execute their ad campaigns.  Defendants admit the Trade Desk platform includes a User Experience or User Interface through which users interact with the platform.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 30.

31. Defendants admit that Trade Desk generates revenue by charging its clients a platform fee generally based on a percentage of its clients' total platform spend and from providing value-added services and data to support their advertising campaigns. Defendants lack knowledge and information sufficient to form a belief as to the title and responsibilities of FE1 and, on that basis, deny these allegations. Defendants lack knowledge and information sufficient to form a belief as to whether FE1 explained the details alleged in footnote 3 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 31 and footnote 3.

32. Defendants admit that Trade Desk launched ad-buying platform Solimar in 2021. Defendants lack knowledge and information sufficient to form a belief as to whether Solimar was "well-received" by Trade Desk's clients generally in aggregate "because it offered a simple, streamlined user experience and interface" and, on that basis, deny the allegation. Defendants admit that Solimar allows clients to make certain changes to campaigns. Defendants lack knowledge and information sufficient to form a belief as to whether multiple former employees and Trade Desk clients confirmed that Trade Desk's clients "found Solimar useful, productive and easy to operate" and, on that basis, deny the allegation. Defendants admit that an Ad Policy Operations team was created after the 2020 U.S. elections. Defendants admit that Sairaj Uddin served as Trade Desk's Vice President of Technical Operations and later in 2023 began serving as Senior Vice President of Technology. Defendants lack knowledge and information sufficient to form a belief as to FE4's reporting line and, on that basis, deny the allegation. Defendants admit that Naseem Tuffaha served as Trade Desk's Chief Growth Officer from April 2022 to July 2024. Defendants admit Sairaj Uddin and Naseem Tuffaha reported to Mr. Green at times throughout their employment. Defendants lack knowledge and information sufficient to form a belief as to the allegations in footnote 7 regarding a purported conversation with an unnamed marketing director and, on that basis, deny the

allegations.  Defendants lack knowledge and information sufficient to form a belief as to the title and responsibilities of FE2, FE3, and FE4 and, on that basis, deny the allegations in footnote 4, footnote 5, and footnote 6.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 32, footnote 4, footnote 5, footnote 6, and footnote 7.

33.     Defendants admit that Paragraph 33 purports to quote from and characterize statements from a June 6, 2023 Trade Desk press release.  The statements in the June 6, 2023 press release speak for themselves, and Defendants refer to the press release for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that Paragraph 34 purports to quote from and characterize statements purportedly made during Trade Desk's May 8, 2024 earnings conference call.  The statements speak for themselves, and Defendants refer to the May 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 34.

35.     Defendants lack knowledge and information sufficient to form a belief as to what "[i]nvestors and financial analysts believed and embraced" and, on that basis, deny this allegation.  Defendants admit that Paragraph 35 purports to quote from and characterize statements from a September 17, 2024 online blog post by *Insider Monkey*.  The statements in the blog post speak for themselves, and Defendants refer to the blog post for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements from the September 17, 2024 *Insider*

*Monkey* blog post. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Paragraph 36 appears to purport to characterize unspecified contested statements purportedly made by Defendants during the Class Period. Defendants' statements speak for themselves, and Defendants refer to the statements themselves for their complete contents. Defendants deny the characterization of these statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 36.

37. Defendants admit that Paragraph 37 purports to quote from and characterize a statement made during the November 15, 2023 RBC Capital Markets Investor Conference. The statement speaks for itself, and Defendants refer to the RBC Capital Markets Investor Conference for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Defendants admit that Paragraph 37 purports to quote from and characterize a statement made in Trade Desk's February 15, 2024 earnings conference call. The statement speaks for itself, and Defendants refer to the earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 37.

38. Defendants admit that Paragraph 38 and footnote 8 purport to quote from and characterize a February 16, 2024 DA Davidson report, a February 16, 2024 Susquehanna Financial Group report, and February 22, 2024, August 9, 2024, September 11, 2024, and October 1, 2024 Needham reports. The reports speak for themselves, and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the reports. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 38 and footnote 8.

39. Defendants admit that Paragraph 39 purports to quote from and characterize statements purportedly made by Mr. Green during Trade Desk's August 8, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 39.

40. Defendants lack knowledge and information as to what statements securities analysts and the market purportedly "embraced" and, on that basis, deny the allegation. Defendants admit that Paragraph 40 purports to quote from and characterize August 8, 2024 and August 9, 2024 reports by BTIG, Capital Markets Labs, Wedbush, and Morgan Stanley. The reports speak for themselves, and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the reports. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 40.

41. Defendants admit that Paragraph 41 purports to quote from a November 7, 2024 BTIG report, November 7, 2024 Guggenheim report, November 7, 2024 Truist report, November 8, 2024 Needham report, and a November 20, 2024 Truist report. The statements speak for themselves, and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterizations of the statements purportedly made in the reports. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 41.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 42.

43.     Defendants admit that Paragraph 43 appears to purport to refer to a November 7, 2024 Guggenheim analyst report.  The statements in that report speak for themselves, and Defendants refer to the report for its complete contents. Defendants deny Plaintiff's characterization of the statements purportedly made in the report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 43.

44.     Defendants lack knowledge and information sufficient to form a belief regarding FE5's and FE6's job titles and responsibilities at Trade Desk and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to the statements attributed to FE5 and FE6, on that basis, deny the allegations.  Defendants admit that Paragraph 44 purports to quote from and characterize statements made during the August 8, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 44 and footnotes 9 and 10.

45.     Defendants lack knowledge and information sufficient to form a belief as to FE7's job title, the date of FE7's hire, and the reason for FE7's hire and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to the statements attributed to FE7 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 45 and footnote 11.

46.     Defendants admit that Paragraph 46 appears to purport to quote from and characterize a July 1, 2025 article by *AInvest*.  The article speaks for itself, and Defendants refer to the article for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny

Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 46.

47. Defendants admit that Paragraph 47 purports to quote from and characterize a July 24, 2025 article by *AdExchanger*. The article speaks for itself, and Defendants refer to the article for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the article. Defendants admit that Paragraph 47 purports to characterize statements from Trade Desk's August 7, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the August 7, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to the statements attributed to FE6 in Paragraph 48 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 48.

49. Defendants lack knowledge and information sufficient to form a belief as to what a purported director of a marketing company for Trade Desk clients purportedly explained and, on that basis, deny these allegations. Defendants lack knowledge or information sufficient to form a belief as to the statements attributed to FE5 in Paragraph 49 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants lack knowledge and information sufficient to form a belief as to whether FE1 explained the details alleged in Paragraph 51 and, on that basis, deny these allegations. Defendants admit that Paragraph 51 purports to characterize

a June 6, 2023 press release issued by the Company.  The June 6, 2023 press release speaks for itself, and Defendants refer to it for its complete contents.  Defendants deny Plaintiff's characterization of the press release.  Defendants lack knowledge and information sufficient to form a belief as to FE8's position at Trade Desk or to whom FE8 spoke and reported to and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to the statements allegedly proffered by FE7 and FE8 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 51 and in footnote 12.

52.     Defendants lack knowledge and information sufficient to form a belief as to what purported Trade Desk former employees explained and, on that basis, deny the allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that Paragraph 53 purports to characterize certain unspecified Tableau dashboards.  The dashboards speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the dashboards.  Defendants lack knowledge and information sufficient to form a belief as to whether FE2, FE8, and FE9 explained the details alleged in Paragraph 53 and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to what Mr. Colley allegedly told FE8 and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to what FE9's job title, tenure, and responsibilities were and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 53 and footnotes 13 and 14.

54.     Defendants lack knowledge and information sufficient to form a belief as to whether FE6 explained the details alleged in Paragraph 54 and, on that basis,

deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 54.

55. Defendants lack knowledge and information sufficient to form a belief as to whether FE2 described the allegations in Paragraph 55 and, on that basis, deny these allegations. Defendants admit that Paragraph 55 purports to characterize certain unspecified Tableau dashboards. The dashboards speak for themselves, and Defendants refer to them for their complete contents. Defendants deny Plaintiff's characterization of the dashboards. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 55.

56. Defendants lack knowledge and information sufficient to form a belief as to whether FE3 recounted the allegations in Paragraph 56 and, on that basis, deny the allegations.

57. Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 57 and, on that basis, deny the allegations.

58. Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 58 and, on that basis, deny the allegations.

59. Defendants lack knowledge and information sufficient to form a belief as to whether former employees made the statements attributed to them in Paragraph 59 and, on that basis, deny the allegations. Defendants lack knowledge and information sufficient to form a belief as to FE10's job title, tenure, and responsibilities and, on that basis, deny these allegations. Defendants admit that Mr. Green led certain all-hands meetings and that Ms. Schenkein and Ms. Jacobson attended certain all-hands meetings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 59, footnote 15, and footnote 16.

60. Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 60 and, on that basis, deny the allegations.

61. Defendants lack knowledge and information sufficient to form a belief as to whether FE4 provided the details alleged in Paragraph 61 and, on that basis,

deny these allegations.  Defendants admit Sairaj Uddin served as SVP of Technology from April 2022 to March 2025.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 61.

62.    Defendants admit that Paragraph 62 appears to purport to characterize unspecified contested statements purportedly made by Defendants during the Class Period.  Defendants' statements speak for themselves, and Defendants refer to the statements for their complete contents.  Defendants deny the characterization of these statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 62.

63.    Defendants admit that Paragraph 63 purports to quote from and characterize a statement made during Trade Desk's February 15, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the February 15, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 63.

64.    Defendants admit that Paragraph 64 purports to quote from and characterize statements from Trade Desk's May 8, 2024 earnings conference call.  The statements speak for themselves, and Defendants refer to the May 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 64.

65.    Defendants admit that Paragraph 65 purports to quote from and characterize statements made during the May 17, 2024 DMS by Luma Conference.  The statements speak for themselves, and Defendants refer to the May 17, 2024 DMS by Luma Conference for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny

DEFENDANTS' ANSWER TO FAC                    -22-
CASE NO.: 2:25-CV-01396-CAS-DFM

Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 65.

66. Defendants admit that Paragraph 66 purports to quote from and characterize statements made during Trade Desk's August 8, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 66.

67. Defendants admit that Paragraph 67 purports to quote from and characterize statements made during Trade Desk's November 7, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the November 7, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 67.

68. Defendants admit that Paragraph 68 purports to quote from and characterize a statement made during Trade Desk's February 12, 2025 earnings conference call. The statement speaks for itself, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 69 purports to quote from and characterize a February 26, 2024 *MarketBeat* article, a May 29, 2024 *AdWeek* article, and an August 8, 2024 Piper Sandler report. The articles and report speak for themselves, and Defendants refer

to them for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the articles and report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that Paragraph 70 purports to quote from and characterize a September 17, 2024 *Insider Monkey* blog post and a December 23, 2024 Zack's report.  The post and report speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the post and report.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 70.

71.    The allegations in Paragraph 71 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 71.

72.    Defendants admit that Trade Desk helps advertisers purchase high-quality inventory on reasonable terms.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 72.

73.    Defendants admit that Paragraph 73 purports to characterize unspecified public statements attributed to Mr. Green during the Class Period.  Those statements speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 73.

74.    Defendants lack knowledge and information sufficient to form a belief as to what FE1 was tasked with and whether FE1 explained the details alleged in Paragraph 74 and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to what FE2 allegedly needed and, on

that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 74.

75. Defendants lack knowledge and information sufficient to form a belief as to the allegations regarding FE1's purported statements and whether FE1 explained the details alleged in Paragraph 75 and, on that basis, deny these allegations. Defendants lack knowledge and information sufficient to form a belief as to whether FE3 confirmed the details alleged in Paragraph 75 and footnote 17 and, on that basis, deny the allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 75 and footnote 17.

76. Defendants lack knowledge and information sufficient to form a belief as the allegations in Paragraph 76 and, on that basis, deny the allegations.

77. Defendants admit that "programmatic guarantee" deals refer to deals between advertisers and publishers in which the two negotiate a fixed price for ad inventory in advance. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 77.

78. Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 78 and, on that basis, deny the allegations.

79. Defendants admit that Paragraph 79 purports to quote from and characterize a Reddit comment by "escopaul" (the "escopaul Reddit comment"). Defendants lack knowledge and information sufficient to form a belief as to whether the escopaul Reddit comment was made on July 25, 2024 and, on that basis, deny the allegation. The escopaul Reddit comment speaks for itself, and Defendants refer to the comment for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the comment. Defendants lack knowledge and information sufficient to form a belief as to whether "escopaul" was a Trade Desk client and, on that basis, deny the allegation. Defendants admit that Paragraph 79 appears to purport to quote from and characterize March 11, 2025 and June 5, 2025 articles by

*AdWeek*.  The articles speak for themselves, and Defendants refer to the articles for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the articles.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that Paragraph 80 purports to quote from and characterize the escopaul Reddit Comment.  The escopaul Reddit Comment speaks for itself, and Defendants refer to the comment for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the comment.  Defendants lack knowledge and information sufficient to form a belief as to whether "escopaul" was a Trade Desk client and, on that basis, deny the allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 80.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 81 purports to characterize certain unspecified Tableau dashboards.  The dashboards speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the dashboards.  Defendants lack knowledge and information sufficient to form a belief as to whether FE3 explained or witnessed the details alleged in Paragraph 81 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 81.

82.     Defendants lack knowledge and information sufficient to form a belief as to whether FE2 and FE6 stated the details alleged in Paragraph 82 and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to whether an anonymous purported marketing director recalled the details alleged in Paragraph 82 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 82.

83.     Defendants lack knowledge and information as to whether FE6 explained the details alleged in Paragraph 83 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that Paragraph 84 purports to quote from and characterize March 19, 2025 and March 25, 2025 articles by *Digiday* and *ADOTAT*. The articles speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the articles. Defendants admit that a hyperlink to a *Digiday* article was posted on Mr. Green's LinkedIn profile on June 9, 2025.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 84 and footnote 18.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants admit that first-party data is data owned and directly collected by a company, brand, or advertiser from its own customers and channels, which can concern user behaviors, actions, or interests demonstrated through websites, subscriptions, or social media, including cross-platform data from mobile web or apps or data from the customer relationship management.  Defendants admit that when a client gives Trade Desk its first-party data, Trade Desk uses "seeds" to build lookalike audiences that help expand reach to users with similar online behaviors to a seed audience.  Defendants lack knowledge and information sufficient to form a belief as to what FE11 explained and what FE11's position, length of tenure, and responsibilities were at Trade Desk and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 86 and footnote 19.

87.     Defendants admit Paragraph 87 purports to quote from and characterize a statement made during Trade Desk's August 8, 2024 earnings conference call. The statement speaks for itself, and Defendants refer to the August 8, 2024 earnings

conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants lack knowledge and information sufficient to form a belief as to whether FE6, FE11, and FE2 described the details alleged in Paragraph 89 and footnote 20 or whether the healthcare sector made up approximately 20% to 30% of FE6's book of business and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 89 and footnote 20.

90.    Defendants lack knowledge and information sufficient to form a belief as to whether FE6 and FE11 described the details alleged in Paragraph 90 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 90.

91.    Defendants admit Paragraph 91 purports to characterize statements from Trade Desk's second quarter and third quarter 2023 investor presentations. The statements speak for themselves, and Defendants refer to the presentations for their complete contents.  Defendants deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 91.

92.    Defendants lack knowledge and information sufficient to form a belief as to what investors believed regarding political spending and, on that basis, deny these allegations.  Defendants admit that Paragraph 92 purports to quote from and characterize a statement made during Trade Desk's February 15, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the February 15, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context

and deny Plaintiff's characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 92.

93.    Defendants lack knowledge and information sufficient to form a belief as to whether FE4 explained the details alleged in Paragraph 93 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 93.

94.    Defendants lack knowledge and information sufficient to form a belief as to whether FE5 and FE11 stated the details alleged in Paragraph 94 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 94.

95.    Defendants lack knowledge and information sufficient to form a belief as to whether FE4 stated the details alleged in Paragraph 95 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 95.

96.    Defendants admit that Paragraph 96 purports to quote from and characterize Reddit comments by "After_Log8838" (the "After_Log8838 Reddit comment") and "Guidosama" (the "Guidosama Reddit comment"). Defendants lack knowledge and information sufficient to form a belief as to whether the After_Log8838 Reddit Comment and Guidosama Reddit comment were made on November 20, 2024 and, on that basis, deny the allegations. The After_Log8838 and Guidosama Reddit comments speak for themselves, and Defendants refer to the comments for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the comments. Defendants lack knowledge and information sufficient to form a belief as to whether "After_Log8838" or "Guidosama" were "Kokai client[s]" and, on that basis, deny these allegations. Defendants lack knowledge and information sufficient to form a belief as to FE7's purported

"research" and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 96.

97.     Defendants admit that on March 28, 2025 a class action complaint was filed against Trade Desk in the United States District Court for the District of Northern California, captioned *In re The Trade Desk, Inc. Data Privacy Litigation* (3:25-cv-02889).  The allegations in the class action complaint speak for themselves, and Defendants refer to the class action complaint for its complete contents.  Defendants deny Plaintiff's characterization of the allegations in the class action complaint.  Defendants admit that Paragraph 97 purports to quote from and characterize an August 5, 2021 article by *The Register*.  The article speaks for itself, and Defendants refer to the article for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of article.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 97.

98.     Defendants lack knowledge and information sufficient to form a belief as to whether FE2 confirmed the details alleged in Paragraph 98, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 98.

99.     Defendants lack knowledge and information sufficient to form a belief as to whether FE1 explained the details alleged in Paragraph 99 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 99.

100.   The allegations in Paragraph 100 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 100.

101.   The allegations in Paragraph 101 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that incremental reach refers the number of unique viewers beyond those who have

already been reached through linear TV or other channels.  Defendants lack knowledge and information sufficient to form a belief as to whether FE1 explained the details alleged in Paragraph 101 and, on that basis, deny these allegations.  Defendants admit that Paragraph 101 purports to quote from and characterize a statement made during Trade Desk's August 8, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 101.

102.   The allegations in Paragraph 102 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 102 purports to quote from and characterize a statement made during Trade Desk's August 8, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statement.  Defendants lack knowledge and information sufficient to form a belief as to whether FE5 explained the details alleged in Paragraph 102 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 102.

103.   Defendants admit that pacing may refer to a mechanism to spread a campaign budget over a campaign's lifestyle.  Defendants admit Trade Desk published a June 16, 2025 article titled "Improve pacing and Decision Power from the Programmatic Table."  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 103.

104.   Defendants lack knowledge and information sufficient to form a belief as to whether FE1 confirmed the details alleged in Paragraph 104 and, on that basis,

deny these allegations. Defendants lack knowledge and information sufficient to form a belief as to whether Mr. Green attended unspecified meetings with unspecified purported project managers and, on that basis, deny these allegations. Defendants lack knowledge and information sufficient to form a belief as to whether FE1 learned or was told the details alleged in Paragraph 104 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 104.

105. Defendants admit that Paragraph 105 purports to include an image reflecting Kokai's interface. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 105.

106. Defendants lack knowledge and information sufficient to form a belief as to whether FE1 confirmed, stated, or learned from others the details alleged in Paragraph 106 and, on that basis, deny these allegations. Defendants admit that Trade Desk's UX and UI team worked on designing and creating Kokai's interface. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 106.

107. Defendants admit that Paragraph 107 purports to characterize an April 15, 2025 *AdTech Explained* article. The April 15, 2025 *AdTech Explained* article speaks for itself, and Defendants refer to the article for its complete contents. Defendants deny Plaintiff's characterization of the *AdTech Explained* article. Defendants lack knowledge and information sufficient to form a belief as to whether FE2 confirmed the details alleged in Paragraph 107 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 107.

108. Defendants admit that Kokai launched in June 2023. Defendants lack knowledge and information sufficient to form a belief as to whether an anonymous purported director at a marketing company explained the details alleged in

Paragraph 108 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 108.

109. Defendants lack knowledge and information sufficient to form a belief as to the purported director of an unnamed marketing company's description of a focus group and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 109.

110. Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 110 based on the marketing director's purported conversations with a manager at Havas and assistant directors at Spark and Digitas and, on that basis, deny the allegations in Paragraph 110.

111. Defendants lack knowledge and information sufficient to form a belief as to whether FE4 learned, explained, or recalled the details alleged in Paragraph 111 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 111.

112. Defendants lack knowledge and information sufficient to form a belief as to whether FE2 or FE5 confirmed the details alleged in Paragraph 112 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 112.

113. Defendants admit that Paragraph 113 purports to quote from and characterize a statement from Reddit comments by "JimmyTango" (the "JimmyTango Reddit comment") and "Different-Print-4649" (the "Different-Print-4649 Reddit comment"). Defendants lack knowledge and information sufficient to form a belief as to whether the JimmyTango Reddit comment was made on June 13, 2024 and whether the Different-Print-4649 Reddit comment was made on July 25, 2024 and, on that basis, deny these allegations. The JimmyTango Reddit and Different-Print-4649 Reddit comments speak for themselves, and Defendants refer to the comments for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's

DEFENDANTS' ANSWER TO FAC
CASE NO.: 2:25-CV-01396-CAS-DFM
-33-

characterization of the comments.  Defendants lack knowledge and information sufficient to form a belief as to whether "JimmyTango" or "Different-Print-4649" were Kokai clients and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 113.

114.  Defendants lack knowledge and information sufficient to form a belief as to whether FE3 and FE6 confirmed or stated the details alleged in Paragraph 114 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 114.

115.  Defendants admit that Paragraph 115 purports to quote from and characterize the JimmyTango Reddit comment.  Defendants lack knowledge and information sufficient to form a belief as to whether the JimmyTango Reddit comment was made on June 13, 2024 and, on that basis, deny the allegation.  The JimmyTango Reddit comment speaks for itself, and Defendants refer to the comment for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the JimmyTango Reddit comment.  Defendants lack knowledge and information sufficient to form a belief as to whether "JimmyTango" was a client and, on that basis, deny the allegation.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 115.

116.  Paragraph 116 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 116 purports to quote from and characterize a statement made during Trade Desk's February 15, 2024 earnings conference call.  Defendants refer to the February 15, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 116.

117. Defendants lack knowledge and information sufficient to form a belief as to whether "multiple former Trade Desk employees confirmed that Kokai's deficiencies and interface challenges were well-known and openly discussed at Trade Desk, including with the Executive Defendants" and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 117.

118. Defendants admit that Paragraph 118 purports to characterize certain unspecified Tableau dashboards. The dashboards speak for themselves, and Defendants refer to them for their complete contents. Defendants deny Plaintiff's characterization of the dashboards. Defendants admit that the Individual Defendants attended certain all-hands meetings. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 118.

119. Defendants lack knowledge and information sufficient to form a belief as to whether FE1 or FE2 confirmed the details alleged in Paragraph 119 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 119.

120. Defendants lack knowledge and information sufficient to form a belief as to whether FE8, FE2, and FE10 explained the details alleged in Paragraph 120, footnote 21, and footnote 23 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 120, footnote 21, footnote 22, and footnote 23.

121. Defendants admit that Paragraph 121 purports to quote from and characterize certain testimony by the Company's former Chief Revenue Officer, Jed Dederick's testimony. Mr. Dederick's testimony speaks for itself, and Defendants refer to the testimony transcript for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the testimony. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 121.

122. Defendants lack knowledge and information sufficient to form a belief as to whether former employees "confirmed Trade Desk clients were not adopting or growing their spend on Kokai and instead were buying ads elsewhere" and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 122.

123. Defendants lack knowledge and information sufficient to form a belief as to whether FE8 understood or was told the details alleged in Paragraph 123 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 123.

124. Defendants lack knowledge and information sufficient to form a belief as to whether certain Trade Desk customers use multiple DSPs and, on that basis, deny the allegation. Defendants lack knowledge and information sufficient to form a belief as to FE12's job title and clients and, on that basis, deny the allegations in footnote 24. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 124 and footnote 24.

125. Defendants lack knowledge and information sufficient to form a belief as to whether FE1 confirmed the details alleged in Paragraph 125 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 125.

126. Defendants admit that Paragraph 126 purports to quote from and characterize a June 5, 2025 article by *AdWeek*. The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the June 5, 2025 *AdWeek* article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 126.

127. Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 127.

128. Defendants admit that Paragraph 128 purports to characterize statements from Trade Desk's February 12, 2025 Form 8-K and attached press release. The statements speak for themselves, and Defendants refer to the February 12, 2025 Form 8-K and attached press release for its complete contents. Defendants deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 128.

129. Defendants admit that Paragraph 129 purports to quote from and characterize statements made during Trade Desk's February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 129.

130. Defendants admit that Trade Desk's stock closed at $122.23 on February 12, 2025, and closed at $81.92 on February 13, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 130.

131. Defendants lack knowledge and information sufficient to form a belief as to the performance of AppLovin's stock on February 13, 2025 and, on that basis, deny these allegations. Defendants admit that Paragraph 131 purports to characterize an April 1, 2025 article by *Ad Tech Explained*. The April 1, 2025 *Ad Tech Explained* article speaks for itself, and Defendants refer to the article for its contents. Defendants deny Plaintiff's characterization of the April 1, 2025 *Ad Tech Explained* article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 131.

132. Defendants lack knowledge and information sufficient to form a belief as to whether analysts were stunned and concerned about Kokai and, on that basis, deny these allegations. Defendants admit that Paragraph 132 purports to quote from and characterize February 12, 2025 reports by RBC, Cantor, and Jeffries. Those

reports speak for themselves, and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements purportedly made in the reports. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 132.

133. Defendants admit that Paragraph 133 purports to quote from and characterize a February 18, 2025 article by *Marketing Dive*. The article speaks for itself, and Defendants refer to the report for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statements from the February 18, 2025 *Marketing Dive* article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 133.

134. The allegations in Paragraph 134 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 134 purports to quote from and characterize statements made during the February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 134.

135. Defendants lack knowledge and information sufficient to form a belief as to whether the purported representations reassured many analysts and investors and, on that basis, deny these allegations. Defendants admit that Paragraph 135 purports to quote from and characterize February 12, 2025 reports by RBC, Truist, Jeffries, and Oppenheimer. Those reports speak for themselves, and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's

characterization of the statements purportedly made in the reports.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 135.

136.   Paragraph 136 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 136 purports to characterize a March 11, 2025 article by *AdWeek*.  The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents.  Defendants deny Plaintiff's characterization of the March 11, 2025 *AdWeek* article.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 136.

137.   Paragraph 137 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 137 purports to quote from and characterize a March 11, 2025 article by *AdWeek*. The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the March 11, 2025 *AdWeek* article.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 137.

138.   Defendants admit a subscription is required to access the March 11, 2025 *AdWeek* article.  Defendants lack knowledge and information sufficient to form a belief as to whether the March 11, 2025 *AdWeek* article "began to cause a frenzy" between March 11 and March 13, 2025 and, on that basis, deny these allegations.  Defendants admit that Paragraph 138 purports to quote from a March 12, 2025 and March 13, 2025 X posts by Karsten Weide, Trey Titone, and @101Programmatic.  The X Posts speak for themselves, and Defendants refer to the posts for their complete contents.  Defendants deny Plaintiff's characterization of the X posts.  Defendants lack knowledge and information sufficient to form a belief as to whether Tritone would later state the March 13, 2025 X post was one of the most viral he had ever published and, on that basis, deny these allegations.  Except

as expressly admitted herein, Defendants deny the allegations in Paragraph 138 and footnote 25.

139. Defendants admit that Paragraph 139 purports to characterize a March 11, 2025 article by *AdWeek*. The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents. Defendants deny characterization of the March 11, 2025 *AdWeek* article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 139.

140. Defendants admit that Trade Desk's stock traded at $60.63 per share at market open on March 11, 2025. Defendants admit that Trade Desk stock traded at $53.88 per share at market close on March 13, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 140.

141. Paragraph 141 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 141 purports to quote from and characterize statements made during the Trade Desk's May 8, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the May 8, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Defendants admit that Trade Desk's stock traded at $59.90 per share at market close on May 8, 2025. Defendants admit that Trade Desk's stock traded at $71.04 at market close on May 9, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 141.

142. Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 142 purports to quote from and characterize statements made during the Trade Desk's August 7, 2025 earnings conference call and in the Trade Desk's August 7, 2025 Form 8-K and attached press release. Those statements speak for themselves, and Defendants refer to the August 7, 2025 earnings conference call and the August

7, 2025 Form 8-K and attached press release for their complete contents. Defendants deny Plaintiff's characterization of the statements. Defendants admit that Ms. Schenkein is in her 40s. Defendants admit that, after resigning as Trade Desk's Chief Financial Officer, Ms. Schenkein served as a senior advisor at Trade Desk for approximately 4 months. Defendants admit that Alex Kayyal served as Trade Desk's CFO following Ms. Schenkein's resignation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 142.

143. Defendants lack knowledge and information sufficient to form a belief as to whether investors and the market were shocked and, on that basis, deny these allegations. Defendants admit that Paragraph 143 purports to characterize August 7, 2025 reports by Bank of America, Moffett Nathanson, Wedbush, Citi, Oppenheimer, and Jeffries. Those reports speak for themselves, and Defendants refer to the reports for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the reports. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 143.

144. Defendants admit that Trade Desk's stock traded at $88.33 per share at market close on August 7, 2025 and that Trade Desk's stock price traded at $54.23 at market close on August 8, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 144.

145. Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 145.

146. Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables

referenced in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 146.

147.   Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff used publicly available trading data reported to the SEC on Form 4 to evaluate the Individual Defendants' trading activity during the Class Period, and during a period of equal length immediately prior to the Class Period of February 20, 2022, to November 14, 2024 (the "Control Period") and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 147.

148.   Defendants admit that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 148.

149.   Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Schenkein referenced in the table labeled "Laura Schenkein" in Defendants' response to Paragraph 14.  Defendants admit that Forms 4 filed by the Company reflect that shares of Ms. Schenkein's Trade Desk stock were withheld for tax purposes as reflected in the table below:

| Laura Schenkein - Withholdings | | | |
|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** |
| 448 | Tax Withholding | $ 68.05 | November 15, 2023 |
| 122 | Tax Withholding | $ 68.05 | November 15, 2023 |
| 562 | Tax Withholding | $ 68.05 | November 15, 2023 |
| 631 | Tax Withholding | $ 68.05 | November 15, 2023 |
| 1,474 | Tax Withholding | $ 68.05 | November 15, 2023 |
| 1,090 | Tax Withholding | $ 68.05 | November 15, 2023 |
| 370 | Tax Withholding | $ 75.71 | February 15, 2024 |
| 99 | Tax Withholding | $ 75.71 | February 15, 2024 |
| 406 | Tax Withholding | $ 75.71 | February 15, 2024 |
| 460 | Tax Withholding | $ 75.71 | February 15, 2024 |

| Laura Schenkein - Withholdings | | | |
|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** |
| 1,123 | Tax Withholding | $ 75.71 | February 15, 2024 |
| 794 | Tax Withholding | $ 75.71 | February 15, 2024 |
| 448 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 122 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 562 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 631 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 1,474 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 1,090 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 122 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 562 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 631 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 1,474 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 1,090 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 2,076 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 122 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 562 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 631 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 1,473 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 1,090 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 2,077 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 101 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 449 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 459 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 1,074 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 794 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 1,513 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 122 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 562 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 631 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 1,474 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 1,090 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 2,077 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 562 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 631 | Tax Withholding | $ 52.12 | August 15, 2025 |

| Laura Schenkein - Withholdings | | | |
|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** |
| 1,473 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 1,090 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 2,077 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 2,847 | Tax Withholding | $ 52.12 | August 15, 2025 |

Except as expressly admitted herein, Defendants deny the allegations in Paragraph 149.

150.   Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Jacobson referenced in the table labeled "Samantha Jacobson" in Defendants' response to Paragraph 14.  Defendants admit that Forms 4 filed by the Company reflect that shares of Ms. Jacobson's Trade Desk stock were withheld for tax purposes as reflected in the table below:

| Samantha Jacobson - Withholdings | | | |
|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** |
| 182 | Tax Withholding | $ 75.21 | February 15, 2024 |
| 407 | Tax Withholding | $ 75.21 | February 15, 2024 |
| 198 | Tax Withholding | $ 75.21 | February 15, 2024 |
| 693 | Tax Withholding | $ 75.21 | February 15, 2024 |
| 154 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 422 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 301 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 1,053 | Tax Withholding | $ 90.25 | May 15, 2024 |
| 232 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 569 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 300 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 1,049 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 1,643 | Tax Withholding | $ 100.50 | August 15, 2024 |
| 232 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 569 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 300 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 1,049 | Tax Withholding | $ 118.15 | November 15, 2024 |
| 1,643 | Tax Withholding | $ 118.15 | November 15, 2024 |

| Samantha Jacobson - Withholdings | | | |
|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** |
| 153 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 374 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 197 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 690 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 1,080 | Tax Withholding | $ 80.16 | February 15, 2025 |
| 232 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 569 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 300 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 1,050 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 1,643 | Tax Withholding | $ 77.50 | May 15, 2025 |
| 237 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 569 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 300 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 1,049 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 1,643 | Tax Withholding | $ 52.12 | August 15, 2025 |
| 2,253 | Tax Withholding | $ 52.12 | August 15, 2025 |

Except as expressly admitted herein, Defendants deny the allegations in Paragraph 150.

151.   Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the stock sales for Mr. Green between February 20, 2022 and November 14, 2023 in the table listed below:

| Jeff Green - Feb. 20, 2022 - Nov. 14, 2023 | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 23,004 | Sale | $ 71.01 | October 31, 2023 | Yes |
| 55,520 | Sale | $ 71.06 | November 1, 2023 | Yes |
| 70,669 | Sale | $ 74.91 | November 2, 2023 | Yes |
| 4,301 | Sale | $ 75.49 | November 2, 2023 | Yes |
| 56,980 | Sale | $ 85.49 | October 11, 2023 | Yes |
| 18,020 | Sale | $ 86.02 | October 11, 2023 | Yes |
| 75,000 | Sale | $ 84.74 | October 12, 2023 | Yes |
| 25,250 | Sale | $ 84.90 | October 13, 2023 | Yes |

| Jeff Green - Feb. 20, 2022 - Nov. 14, 2023 | | | | |
|---|---|---|---|---|
| **Shares** | **Type** | **Value** | **Date** | **10b5-1** |
| 75,000 | Sale | $ 76.70 | September 28, 2023 | Yes |
| 71,050 | Sale | $ 78.88 | September 29, 2023 | Yes |
| 3,950 | Sale | $ 79.35 | September 29, 2023 | Yes |
| 47,575 | Sale | $ 78.19 | October 2, 2023 | Yes |
| 27,425 | Sale | $ 78.88 | October 2, 2023 | Yes |
| 73,900 | Sale | $ 84.79 | September 14, 2023 | Yes |
| 1,100 | Sale | $ 85.63 | September 14, 2023 | Yes |
| 4,325 | Sale | $ 85.06 | September 15, 2023 | Yes |

Defendants admit that Forms 4 filed by the Company reflect the stock sales for Mr. Green referenced in the table labeled "Jeff Green" in Defendants' response to Paragraph 14.  Defendants admit that Forms 4 filed by the Company reflect the sale of 3,219 shares of Ms. Schenkein's Trade Desk common stock between February 20, 2022 and November 14, 2023, pursuant to a 10b5-1 trading plan adopted June 1, 2023.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Schenkein referenced in the table labeled "Laura Schenkein" in Defendants' response to Paragraph 14.  Defendants admit that Ms. Jacobson did not file Forms 4 during the Control Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 151 and footnote 26.

152.   Paragraph 152 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 152.

153.   Paragraph 153 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit Mr. Green's 10b5-1 plan was amended on November 13, 2025.  Defendants admit that Paragraph 153 purports to quote and characterize a statement made during the November 15, 2023 RBC Global TIMT Conference.  The statement speaks for itself, and Defendants refer to the November 15, 2023 RBC Global TIMT Conference for its

complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statement.  Defendants admit that Forms 4 filed by the Company reflect the sale of 2,613 shares of Ms. Schenkein's Trade Desk common stock at $66.48 per share on November 17, 2023 pursuant to a 10b5-1 plan adopted June 1, 2023.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 153.

154.   Paragraph 154 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 154 purports to quote from and characterize a statement made during the Trade Desk's February 15, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the February 15, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement.  Defendants admit that a February 20, 2024 Form 4 filed by the Company reflects the sale of 3,391 shares of Ms. Schenkein's Trade Desk common stock at $89.53 per share on February 16, 2024 pursuant to a 10b5-1 trading plan adopted June 1, 2023.  Defendants admit that a February 23, 2024 Form 4 filed by the Company reflects the sale of 225,000 shares of Mr. Green's Trade Desk common stock between February 21 and 23, 2024 at share prices between $81.77 and $83.88 per share pursuant to a 10b5-1 plan adopted November 13, 2023.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 154.

155.   Paragraph 155 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 155 purports to quote from and characterize a statement made during the Trade Desk's August 8, 2024 earnings conference call.  The statement speaks for itself, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete and deny Plaintiff's characterization of the statements.  Defendants admit that an August 14,

2024 Form 4 filed by the Company reflects the sale of 21,162 shares of Ms. Jacobson's Trade Desk common stock at $99.50 per share on August 12, 2024, 18,180 of which were acquired the same day through a previously granted option. Defendants admit that an August 19, 2024 Form 4 filed by the Company reflects the sale of 3,130 shares of Ms. Schenkein's Trade Desk common stock at $99.33 per share on August 15, 2024 pursuant to a 10b5-1 adopted on March 15, 2024. Defendants admit that an August 26, 2024 Form 4 filed by the Company reflects the sale of 419,351 shares of Mr. Green's Trade Desk common stock between August 22 and 26, 2024 at share prices between $103.53 and $104.75 pursuant to a 10b5-1 plan adopted on March 15, 2024. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 155.

156. The allegations in Paragraph 156 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit Paragraph 156 purports to quote from and characterize a statement made during the Company's November 7, 2024 earnings conference call. The statement speaks for itself, and Defendants refer to the November 7, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statements. Defendants admit that a November 12, 2024 Form 4 filed by the Company reflects the sale of 27,687 shares of Ms. Schenkein's Trade Desk common stock at $127.55 per share, which were acquired the same day through a previously granted option, on November 7, 2024 pursuant to a 10b5-1 plan adopted March 15, 2024. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 156.

157. Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that a February 13, 2025 Form 4 filed by the Company reflects the sale of 400,000 shares of Mr. Green's Trade Desk stock at prices between $120.47 and $122.21 per share on February, 11 2024 pursuant to a 10b5-1 plan adopted September 12, 2024.

Defendants admit that Paragraph 157 purports to characterize statements from Trade Desk's February 12, 2025 earnings conference call.  The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents.  Defendants deny Plaintiff's characterization of the statements.  Defendants admit that Trade Desk stock traded at $122.23 per share at market close on February 12, 2025.  Defendants admit that Trade Desk stock traded at $81.92 at market close on February 13, 2025.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 157.

158.   The allegations in Paragraph 158 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit Trade Desk's stock has not traded at $122.23 per share or higher since February 12, 2025.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 158.

159.   The allegations in Paragraph 159 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 159.

160.   The allegations in Paragraph 160 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Trade Desk stock traded at $122.23 per share at market close on February 12, 2025.  Defendants admit that Trade Desk stock traded at $81.92 at market close on February 13, 2025.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 160.

161.   The allegations in Paragraph 161 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Trade Desk's stock traded at $88.33 per share at market close on August 7, 2025 and that it traded at $54.23 at market close on August 8, 2025.  Defendants admit

that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 164.

165.    Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Mr. Green's 10b5-1 plan adopted on June 15, 2023 was amended on November 13, 2023. Defendants admit that Mr. Green adopted 10b5-1 plans on March 15, 2024 and September 12, 2024.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 165.

166.    Paragraph 166 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit Ms. Schenkein adopted 10b5-1 plans on June 1, 2023, on March 15, 2024, and on December 13, 2024.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 166.

167.    Paragraph 167 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit Ms. Jacobson adopted a 10b5-1 plan on August 22, 2024.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 167.

168.    Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff's purchases of Trade Desk common stock were

contemporaneous with the Individual Defendants' sales of Trade Desk stock and, on that basis, deny these allegations.

169.   Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff made the stock purchases as represented in the chart embedded in Paragraph 169, or whether Plaintiff's purchases of Trade Desk common stock were contemporaneous with Mr. Green's stock sales and, on that basis, deny these allegations.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Mr. Green referenced in the table labeled "Jeff Green" in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 169 and footnote 27.

170.   Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff made the stock purchases as represented in the chart embedded in Paragraph 170 or whether Plaintiff's purchases of Trade Desk common stock were contemporaneous with Ms. Schenkein's stock sales and, on that basis, deny these allegations.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Schenkein referenced in the table labeled "Laura Schenkein" in Defendants' response to Paragraph 14.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 170.

171.   Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff made the stock purchases as represented in the chart embedded in Paragraph 171 or whether Plaintiff's purchases of Trade Desk common stock were contemporaneous with Ms. Jacobson's stock sales and, on that basis, deny these allegations.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Ms. Jacobson referenced in the table labeled "Samantha Jacobson" in Defendants' response to Paragraph 14.  Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff made the stock purchases as represented in the chart embedded in Paragraph 171 and, on that basis,

deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 171.

172.   Paragraph 172 contains legal conclusions for which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 172 purports to characterize unspecified, unattributed statements purportedly made within the Class Period.  Defendants' statements during the Class Period speak for themselves, and Defendants refer to the statements themselves for their complete contents.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 172.

173.   Paragraph 173 contains legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 173.

174.   Defendants admit that Paragraph 174 purports to quote from a statement made at the November 15, 2023 RBC Capital Markets Conference.  The statement speaks for itself, and Defendants refer to the November 15, 2023 RBC Capital Markets Conference for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 175.

176.   Defendants admit that Paragraph 176 purports to characterize statements from the Company's February 15, 2024 Form 10-K and February 15, 2024 earnings conference call.  Those statements speak for themselves, and Defendants refer to the February 15, 2024 Form 10-K and February 15, 2024 earnings conference call for their complete contents.  Defendants deny Plaintiff's

characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 176.

177.   Defendants admit that Paragraph 177 purports to quote from and characterize statements from the Company's February 15, 2024 earnings conference call.  The statements speak for themselves, and Defendants refer to the February 15, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 177.

178.   The allegations in Paragraph 178 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 178.

179.   The allegations in Paragraph 179 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 179.

180.   Defendants admit that Paragraph 180 purports to quote from and characterize statements from the Company's February 15, 2024 earnings conference call.  The statements speak for themselves, and Defendants refer to the February 15, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 180

181.   The allegations in Paragraph 181 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 181.

182.   Defendants admit that Paragraph 182 purports to characterize statements from the Company's May 8, 2024 Form 8-K.  Those statements speak for themselves, and Defendants refer to the May 8, 2024 Form 8-K for its complete

contents.  Defendants deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 182.

183.   Defendants admit that Paragraph 183 and footnote 28 purport to quote from and characterize statements from Trade Desk's May 8, 2024 earnings conference call.  The statements speak for themselves, and Defendants refer to the May 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 183 and footnote 28.

184.   Defendants admit that Paragraph 184 purports to quote from and characterize statements from Trade Desk's May 8, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the May 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 184.

185.   Defendants admit that Paragraph 185 purports to quote from and characterize a statement from Trade Desk's May 8, 2024 press release attached to its Form 8-K.  The statement speaks for itself, and Defendants refer to the May 8, 2024 press release for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statement.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 185.

186.   The allegations in Paragraph 186 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 186.

187.   Defendants admit that Paragraph 187 purports to quote from and characterize statements from Trade Desk's May 8, 2024 earnings conference call.

The statements speak for themselves, and Defendants refer to the May 8, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 187.

188. The allegations in Paragraph 188 include legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 188.

189. Defendants admit that Paragraph 189 purports to quote from and characterize statements from a panel discussion at the May 17, 2024 DMS by Luma Conference. The statements speak for themselves, and Defendants refer to the panel discussion for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 189.

190. The allegations in Paragraph 190 include legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 190.

191. Defendants admit that Paragraph 191 purports to quote from and characterize statements from a panel discussion at the May 17, 2024 DMS by Luma Conference. The statements speak for themselves, and Defendants refer to the panel discussion for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 191.

192. The allegations in Paragraph 192 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 192.

193.    Defendants admit that Paragraph 193 purports to characterize a June 3, 2024 video posted to Trade Desk's YouTube channel titled "Sellers and Publishers 500+."  The YouTube video speaks for itself, and Defendants refer to it for its complete contents.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 193.

194.    Defendants admit that Paragraph 194 purports to quote from and characterize statements from a June 3, 2024 YouTube video titled "Sellers and Publishers 500+."  The statements speak for themselves, and Defendants refer to the YouTube video for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 194.

195.    The allegations in Paragraph 195 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 195.

196.    Defendants admit that Paragraph 196 purports to characterize a June 25, 2024 video posted to Trade Desk's YouTube channel titled "Key Kokai Concepts – First-party data | From Trading Essentials: Kokai."  The YouTube video speaks for itself, and Defendants refer to it for its complete contents.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 196.

197.    Defendants admit that Paragraph 197 purports to quote from and characterize statements from a June 25, 2024 YouTube video titled "Key Kokai Concepts – First-party data | From Trading Essentials: Kokai."  The statements speak for themselves, and Defendants refer to the YouTube video for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 197.

198.   The allegations in Paragraph 198 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 198.

199.   Defendants admit that Paragraph 199 purports to quote from and characterize statements from Trade Desk's June 28, 2024 press release.  The statements speak for themselves, and Defendants refer to Trade Desk's June 28, 2024 press release for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 199.

200.   The allegations in Paragraph 200 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 200.

201.   Defendants admit that Paragraph 201 purports to characterize Trade Desk's August 8, 2024 Form 10-Q and August 8, 2024 earnings conference call.  The Form 10-Q and earnings conference call speak for themselves and Defendants refer to the Form 10-Q and earnings conference call for their complete contents.  Defendants deny Plaintiff's characterization of the Form 10-Q and earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 201.

202.   Defendants admit that Paragraph 202 purports to quote from and characterize a statement from Trade Desk's August 8, 2024 press release attached to its Form 8-K.  The statement speaks for itself, and Defendants refer to Trade Desk's August 8, 2024 press release for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 202.

203.   Defendants admit that Paragraph 203 purports to quote from and characterize statements from Trade Desk's August 8, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 203.

204.   Defendants admit that Paragraph 204 purports to quote from and characterize statements from Trade Desk's August 8, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the August 8, 2024 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 204.

205.   The allegations in Paragraph 205 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 205.

206.   The allegations in Paragraph 206 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 206.

207.   Defendants admit that Paragraph 207 purports to characterize Trade Desk's November 7, 2024 Form 10-Q, November 7, 2024 Form 8-K and press release, and November 7, 2024 earnings conference call.  The Form 10-Q, Form 8-K and press release, and earnings conference call speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the Form 10-Q, Form 8-K and press release, and earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 207.

208. Defendants admit that Paragraph 208 purports to quote from and characterize a statement from a press release attached to Trade Desk's November 7, 2024 Form 8-K. The statement speaks for itself, and Defendants refer to the press release for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 208.

209. Defendants admit that Paragraph 209 purports to quote from and characterize statements from Trade Desk's November 7, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the November 7, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 209.

210. Defendants admit that Paragraph 210 purports to quote from and characterize statements from Trade Desk's November 7, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to the November 7, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiffs' selective quotation is complete or presented with full context and deny Plaintiffs' characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 210.

211. The allegations in Paragraph 211 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 211.

212. Defendants admit that Paragraph 212 purports to quote from and characterize statements in (a) a November 8, 2024 analyst report by Needham; (b) a November 7, 2024 analyst report by BTIG; (c) a November 7, 2024 analyst report by Guggenheim; (d) a November 7, 2024 analyst report by Truist; (e) a November 8,

2024 analyst report by Wedbush; and (f) a November 20, 2024 analyst report by Truist. The statements speak for themselves, and Defendants refer to the analyst reports for their complete contents. Defendants deny that Plaintiffs' selective quotations are complete or presented with full context and deny Plaintiffs' characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 212.

213. The allegations in Paragraph 213 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 213.

214. Defendants admit that Paragraph 214 purports to characterize the Trade Desk's February 12, 2025 Form 8-K and February 12, 2025 earnings conference call. The Form 8-K and earnings conference call speak for themselves, and Defendants refer to the Form 8-K and earnings conference call for their complete contents. Defendants deny Plaintiff's characterization of the Form 8-K and earnings conference call. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 214.

215. Defendants admit that Paragraph 215 purports to quote from and characterize a statement from Trade Desk's February 12, 2025 earnings conference call. The statement speaks for itself, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 215.

216. The allegations in Paragraph 216 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 216.

217. Defendants admit that Paragraph 217 purports to quote from and characterize a statement from Trade Desk's February 12, 2025 earnings conference

call. The statement speaks for itself, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 217.

218. The allegations in Paragraph 218 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 218.

219. Defendants admit that Paragraph 219 purports to characterize statements made in the Trade Desk's May 8, 2025 Form 10-Q and during the Trade Desk's May 8, 2025 earnings conference call. Those statements speak for themselves, and Defendants refer to the Form 10-Q and earnings conference call for their complete content. Defendants deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 219.

220. Defendants admit that Paragraph 220 purports to quote from and characterize a statement from Trade Desk's May 8, 2025 earnings conference call. The statement speaks for itself, and Defendants refer to the May 8, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 220.

221. Defendants admit that Paragraph 221 purports to quote from and characterize a statement from Trade Desk's May 8, 2025 earnings conference call. The statement speaks for itself, and Defendants refer to the May 8, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's

characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 221.

222. Defendants admit that Paragraph 222 purports to quote from and characterize a statement from Trade Desk's May 8, 2025 earnings conference call. The statement speaks for itself, and Defendants refer to the May 8, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 222.

223. The allegations in Paragraph 223 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 223.

224. The allegations in Paragraph 224 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 224.

225. The allegations in Paragraph 225 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 225.

226. The allegations in Paragraph 226 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 226 purports to characterize statements from the Trade Desk's February 12, 2025 Form 8-K and attached press release and Trade Desk's February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the Form 8-K and attached press release and earnings conference call for their complete contents. Defendants deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 226.

227. Defendants admit that Paragraph 227 purports to quote from and characterize statements from Trade Desk's February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 227.

228. Defendants admit that Paragraph 228 purports to quote from and characterize statements from Trade Desk's February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 228.

229. Defendants admit that Paragraph 229 purports to quote from and characterize statements from Trade Desk's February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 229.

230. Defendants admit that Paragraph 230 purports to quote from and characterize statements from Trade Desk's November 9, 2023 and February 12, 2025 earnings conference calls. The statements speak for themselves, and Defendants refer to the earnings conference calls for their complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 230.

231.   Defendants lack knowledge and information sufficient to form a belief as to whether analysts and the financial press were stunned by Defendants' alleged statements and, on that basis, deny these allegations.  Defendants admit that Paragraph 231 purports to quote from and characterize statements from February 12, 2025 reports by Cantor and Jeffries.  Those reports speak for themselves, and Defendants refer to the reports for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 231.

232.   Defendants admit that Paragraph 232 purports to quote from and characterize statements from a report by CSI Market on February 13, 2025.  The statements speak for themselves, and Defendants refer to the February 13, 2025 CSI Market report for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 232.

233.   Defendants lack knowledge and information sufficient to form a belief as to whether "[o]ther analysts agreed" and, on that basis, deny these allegations. Defendants admit that Paragraph 233 purports to quote from and characterize statements from an article by *PPC Land* on February 21, 2025.  The statements speak for themselves, and Defendants refer to the February 21, 2025 *PPC Land* article for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 233.

234.   The allegations in Paragraph 234 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Trade Desk stock traded at $122.23 per share at market close on February 12, 2025.

Defendants admit that Trade Desk stock traded at $81.92 at market close on February 13, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 234.

235. The allegations in Paragraph 235 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 235 purports to quote from and characterize statements from Trade Desk's February 12, 2025 earnings conference call. The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 235.

236. Defendants admit that Paragraph 236 purports to characterize a March 11, 2025 article by *AdWeek*. The *AdWeek* article speaks for itself, and Defendants refer to the *AdWeek* article for its complete contents. Defendants deny Plaintiff's characterization of the March 11, 2025 *AdWeek* article. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 236.

237. Defendants admit a subscription is required to access the March 11, 2025 *AdWeek* article. Defendants lack knowledge and information sufficient to form a belief as to whether the March 11, 2025 *AdWeek* article "gained traction on social media over the next forty-eight hours" and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 237.

238. Defendants admit that on March 11, 2025 Trade Desk's stock price traded at $60.63 per share at market open. Defendants admit that on March 13, 2025, Trade Desk stock traded at $57.58 per share at market open and at $53.88 per share at market close. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 238.

239.   Defendants admit that Paragraph 239 purports to characterize statements from Trade Desk's August 7, 2025 Form 8-K and attached press release and from Trade Desk's August 7, 2025 earnings conference call.  Trade Desk's Form 8-K and attached press release and earnings conference call speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of Trade Desk's Form 8-K and attached press release and earnings conference call.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 239.

240.   Defendants admit that Paragraph 240 purports to quote from and characterize statements from August 7, 2025 analyst reports by Bank of America, Moffett Nathanson, Wedbush, Citi, Oppenheimer, and Jeffries.  The analyst reports speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 240.

241.   Defendants admit that Trade Desk's stock traded at $88.33 per share at market close on August 7, 2025 and traded at $54.23 per share at market close on August 8, 2025.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 241.

242.   The allegations in Paragraph 242 consist of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 242.

243.   The allegations in Paragraph 243 consist of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 243.

244.   The allegations in Paragraph 244 include legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 244.

245.   The allegations in Paragraph 245 include legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the stock sales during the Class Period for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14.  Defendants admit that Forms 4 filed by the Company reflect the stock sales for Mr. Green between February 20, 2022 and November 14, 2023 in the table labeled "Jeff Green - Feb. 20, 2022 - Nov. 14, 2023" in Defendants' response to Paragraph 151.  Defendants admit that a February 20, 2024 Form 4 filed by the Company reflects the sale of 3,391 shares of Ms. Schenkein's Trade Desk common stock for at $89.53 per share, between June 1, 2023 and November 14, 2023, pursuant to a 10b5-1 trading plan.  Defendants admit that the Company filed a Form 4 reporting February 15, 2024 sales of Ms. Jacobson's Trade Desk stock.  Defendants admit this was the first Form 4 the Company filed reporting sales of Ms. Jacobson's Trade Desk stock.  Defendants admit that a February 13, 2025 Form 4 filed by the Company reflects the sale of 400,000 shares of Mr. Green's Trade Desk common stock at share prices between $120.47 and $122.21 on February 11, 2025, pursuant to a 10b5-1 plan adopted September 12, 2024.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 245 and footnote 29.

246.   The allegations in Paragraph 246 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Paragraph 246 purports to quote from and characterize statements from Trade Desk's February 12, 2025 earnings conference call.  The statements speak for themselves, and Defendants refer to the February 12, 2025 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 246.

247.    Defendants lack knowledge and information sufficient to form a belief as to whether former employees, including FE3, FE10, FE8, and FE2, confirmed the details alleged in Paragraph 247 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 247.

248.    Defendants lack knowledge and information sufficient to form a belief as to whether FE4, FE10, FE8, FE2, and FE3 confirmed the details alleged in Paragraph 248 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 248.

249.    The allegations in Paragraph 249 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 249.

250.    Defendants lack knowledge and information sufficient to form a belief as to whether former employees "consistently reported that the Executive Defendants were well aware of Kokai's adoption issues, purported product defects, and failure to drive revenue through multiple reports throughout the Class Period" and, on that basis, deny these allegations.  Defendants lack knowledge and information sufficient to form a belief as to whether the purported former employees reported the details alleged in Paragraph 250 and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 250.

251.    Defendants lack knowledge and information sufficient to form a belief as to whether FE8, FE2, and FE3 confirmed the details alleged in Paragraph 251 and, on that basis, deny these allegations.  Defendants admit that Paragraph 251 purports to characterize certain unspecified Tableau dashboards.  The dashboards speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the dashboards.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 251.

252. Defendants lack knowledge and information sufficient to form a belief as to whether FE6, FE2, FE3, and FE8 confirmed the details alleged in Paragraph 252 and, on that basis, deny these allegations. Defendants admit that Paragraph 252 purports to characterize certain unspecified Tableau dashboards. The dashboards speak for themselves, and Defendants refer to them for their complete contents. Defendants deny Plaintiff's characterization of the dashboards. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 252.

253. Defendants admit that Paragraph 253 purports to quote from and characterize a statement made during Trade Desk's November 7, 2024 earnings conference call. The statement speaks for itself, and Defendants refer to the November 7, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statements. Defendants lack knowledge and information sufficient to form a belief as to the allegations regarding FE6's purported client business and, on that basis, deny these allegations. Defendants lack knowledge and information sufficient to form a belief as to the statements allegedly proffered by FE5 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 253.

254. Defendants lack knowledge and information sufficient to form a belief as to whether FE7 stated the details alleged in Paragraph 254 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 254.

255. Defendants admit that Paragraph 255 purports to characterize certain unspecified Tableau dashboards. The dashboards speak for themselves, and Defendants refer to them for their complete contents. Defendants deny Plaintiff's characterization of the dashboards. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 255.

DEFENDANTS' ANSWER TO FAC
CASE NO.: 2:25-CV-01396-CAS-DFM
-69-

256. The allegations in Paragraph 256 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to whether FE6 explained the details alleged in Paragraph 256, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 256.

257. Defendants lack knowledge and information sufficient to form a belief as to whether FE8, FE2, and FE10 explained the details alleged in Paragraph 257 and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 257.

258. The allegations in Paragraph 258 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 258.

259. Defendants lack knowledge and information sufficient to form a belief as to whether an anonymous purported director of a marketing company was part of focus group referenced in Paragraph 259 and, on that basis, deny the allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 259.

260. Defendants admit that Paragraph 260 purports to quote from and characterize statements made during Trade Desk's February 15, 2024 earnings conference call. The statements speak for themselves, and Defendants refer to Trade Desk's February 15, 2024 earnings conference call for its complete contents. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 260.

261. The allegations in Paragraph 261 contain legal conclusions for which no response is required. To the extent a response is necessary, Defendants admit that Paragraph 261 purports to characterize unspecified, unattributed statements purportedly made by the Individual Defendants within the Class Period. Defendants

deny Plaintiff's characterization of unspecified, unattributed statements purportedly made by the Individual Defendants during the Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 261.

262.  Defendants admit that Kokai was the Company's new ad-buying platform.  Defendants admit that Paragraph 262 purports to characterize unspecified, unattributed statements purportedly made by the Individual Defendants during the Class Period.  Those statements speak for themselves, and Defendants refer to the statements for their complete contents.  Defendants deny the characterization of unspecified, unattributed statements purportedly made by the Individual Defendants during the Class Period.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 262.

263.  Defendants admit that Paragraph 263 purports to quote from and characterize statements from Trade Desk's May 10, 2023 earnings conference call.  The statements speak for themselves, and Defendants refer to the May 10, 2023 earnings conference call for its complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 263.

264.  Defendants admit that Paragraph 264 purports to quote from and characterize statements from Trade Desk's November 9, 2023, February 15, 2024, and February 12, 2025 earnings conference calls and a July 1, 2025 article by *AInvest*.  The statements speak for themselves, and Defendants refer to the earnings conference calls and article for their complete contents.  Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 264.

265.  The allegations in Paragraph 265 contain legal conclusions for which no response is necessary.  To the extent a response is necessary, Defendants lack

knowledge and information sufficient to form a belief as to whether investors saw Kokai as "determinative of TTD's success," and, on that basis, deny the allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 265.

266.   The allegations in Paragraph 266 contain legal conclusions for which no response is necessary.  To the extent a response is necessary, Defendants admit that Ms. Jacobson is Trade Desk's Chief Strategy Officer and a member of Trade Desk's Board of Directors.  Defendants admit that Paragraph 266 purports to quote from and characterize from the description of Ms. Jacobson's role posted on Trade Desk's website.  The description of Ms. Jacobson's role speaks for itself, and Defendants refer to the full description from Trade Desk's website for its complete contents.  Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the description posted on Trade Desk's website.  Defendants admit that Paragraph 266 purports to characterize statements from the May 17, 2024 DMS by Luma Conference.  The statements made at the May 17, 2024 DMS by Luma Conference speak for themselves, and Defendants refer to the conference for its complete contents. Defendants deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 266.

267.   Defendants admit that Paragraph 267 purports to characterize statements purportedly made during Trade Desk's August 7, 2025 earnings conference call and in its August 7, 2025 Form 8-K and attached press release.  The statements speak for themselves, and Defendants refer to them for their complete contents.  Defendants deny Plaintiff's characterization of the statements.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 267.

268.   Defendants admit that Paragraph 268 purports to characterize statements purportedly from the press release attached to Trade Desk's August 7, 2025 Form 8-K.  The statements speak for themselves, and Defendants refer to the

press release for its complete contents. Defendants deny Plaintiff's characterization of the statements. Defendants admit that Trade Desk's stock was $88.33 at market close on August 7, 2025 and that Trade Desk's stock price was $54.23 at market close on August 8, 2025. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 268.

269. Paragraph 269 consists entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 269.

270. The allegations in Paragraph 270 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that during the Class Period, Trade Desk's stock traded on NASDAQ, Trade Desk filed periodic public reports with the SEC and NASDAQ, Trade Desk issued certain press releases, and Trade Desk was followed by certain securities analysts from brokerage firms. Defendants lack knowledge and information sufficient to form a belief as to where or when Plaintiff and other members of the purported Class purchased Trade Desk stock or what they knew at the time of their purported purchases and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 270.

271. The allegations in Paragraph 271 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 271.

272. The allegations in Paragraph 272 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 272.

273. The allegations in Paragraph 273 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to when or whether Plaintiff or other members of the purported Class purchased Trade Desk stock and,

on that basis, deny the allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 273.

274. The allegations in Paragraph 274 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 274.

275. The allegations in Paragraph 275 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 275.

276. The allegations in Paragraph 276 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 276.

277. The allegations in Paragraph 277 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 277.

278. The allegations in Paragraph 278 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit Plaintiff purports to bring a federal securities class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons and entities that purchased or otherwise acquired publicly traded Trade Desk common stock during the period from November 15, 2023, through August 8, 2025, inclusive, and were allegedly damaged thereby, except as excluded in Paragraph 279. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 278.

279. The allegations in Paragraph 279 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Plaintiff purports to exclude from the purported Class the persons and entities listed in Paragraph 279. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 279.

280. The allegations in Paragraph 280 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Trade Desk had 452 million outstanding shares of Class A common stock on January 31, 2025. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 280, and, on that basis, deny them.

281. Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 281 and, on that basis, deny them.

282. The allegations in Paragraph 282 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 282.

283. The allegations in Paragraph 283 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff's claims are typical of those of other members of the purported Class and, on that basis, deny the allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 283.

284. The allegations in Paragraph 284 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 284 and, on that basis, deny them.

285. The allegations in Paragraph 285 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 285 and, on that basis, deny them.

286. The allegations in Paragraph 286 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff

will rely, at least in part, on the presumption of reliance established by the fraud on the market doctrine and, on that basis, deny this allegation. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 286.

287. Defendants reallege, incorporate, and repeat each response above as if fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 287.

288. The allegations in Paragraph 288 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Plaintiff purports to bring claims under § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5(b) promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5(b), against Trade Desk, Mr. Green, Ms. Schenkein, and Ms. Jacobson. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 288.

289. The allegations in Paragraph 289 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 289.

290. The allegations in Paragraph 290 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 290.

291. The allegations in Paragraph 291 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff and other members of the purported Class purchased Trade Desk stock, why they made the purported stock purchases, what they knew when they made the purported stock purchases, or what they would have done under different circumstances and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 291.

292. The allegations in Paragraph 292 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 292.

293. The allegations in Paragraph 293 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 293.

294. Defendants reallege, incorporate, and repeat each response above as if fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 294.

295. The allegations in Paragraph 295 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Plaintiff purports to bring claims under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Mr. Green, Ms. Schenkein, and Ms. Jacobson. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 295.

296. The allegations in Paragraph 296 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Mr. Green served as Trade Desk's CEO and as a member of Trade Desk's Board of Directors during the Class Period. Defendants admit that Ms. Schenkein served as Trade Desk's CFO from June 1, 2023 through August 7, 2025. Defendants admit that Ms. Jacobson served as Trade Desk's Chief Strategy Officer from February 2022 to present and as a member of the Trade Desk's Board of Directors from January 17, 2024 to present. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 296.

297. The allegations in Paragraph 297 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 297.

298.   The allegations in Paragraph 298 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 298.

299.   The allegations in Paragraph 299 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 299.

300.   The allegations in Paragraph 300 consist entirely of legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 300.

301.   Defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.  Defendants admit that Plaintiff purports to bring claims under § 20A of the Exchange Act against the Individual Defendants on behalf of Plaintiff and members of the purported Class who were allegedly damaged by the Individual Defendants' alleged transactions in Trade Desk common stock.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 301.

302.   The allegations in Paragraph 302 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 302.

303.   The allegations in Paragraph 303 contain legal conclusions to which no response is required.  To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14.  Defendants lack knowledge and information sufficient to form a belief as to Plaintiff's alleged purchases of Trade Desk common stock and, on that basis, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 303.

304. The allegations in Paragraph 304 contain legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Forms 4 filed by the Company reflect the stock sales for the Individual Defendants in the tables referenced in Defendants' response to Paragraph 14. Defendants lack knowledge and information sufficient to form a belief as to Plaintiff's alleged purchases and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 304.

305. The allegations in Paragraph 305 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff and other members of the purported Class purchased Trade Desk stock, when or why they made the purported stock purchases, what they knew when they made the purported stock purchases, or what they would have done under different circumstances and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 305.

306. The allegations in Paragraph 306 consist entirely of legal conclusions to which no response is required. To the extent a response is necessary, Defendants lack knowledge and information sufficient to form a belief as to whether Plaintiff and other members of the purported Class purchased Trade Desk stock, when or why they made the purported stock purchases, what they knew when they made the purported stock purchases, or what they would have done under different circumstances and, on that basis, deny these allegations. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 306.

## **ANSWER TO PRAYER FOR RELIEF**

Plaintiff's prayer for relief contains statements as to which no responsive pleading is required. Defendants deny that Plaintiff is entitled to relief and respectfully request that the Court dismiss all claims with prejudice and order such

further relief for the Defendants as the Court deems just and proper. Defendants further deny that this action is appropriate for class action treatment.

<strong><u>ANSWER TO JURY DEMAND</u></strong>

Defendants deny the allegation of Plaintiff's demand for a jury trial but admit that Plaintiff purports to demand a jury trial. Defendants further reserve the right to challenge this demand.

<strong><u>AFFIRMATIVE AND OTHER DEFENSES</u></strong>

Defendants affirmatively state the following separate and affirmative defenses to the Complaint, and in doing so, do not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on Plaintiff or members of the purported Class.

<strong><u>First Affirmative Defense</u></strong>

(Inactionable Opinion and Puffery)

The claims are barred, in whole or in part, because Defendants are immune from liability for statements of opinion and/or puffery.

<strong><u>Second Affirmative Defense</u></strong>

(Statutory Safe Harbor/Bespeaks Caution)

To the extent that the claims are based on any predictions, expressions of opinion, or forward-looking statements, such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

<strong><u>Third Affirmative Defense</u></strong>

(Good Faith)

The claims are barred, in whole or in part, because Defendants acted in good faith and in conformity with the rules and regulations of the Securities and Exchange Commission.

**Fourth Affirmative Defense**

(No Insider Trading Liability)

The insider trading and fraud claims are barred, in whole or in part, to the extent that the stock sales challenged in the Complaint were made pursuant to Rule 10b5-1 trading plans and, thus, are exempt from liability under 17 CFR § 240.10b5-1(c)(1).

**Fifth Affirmative Defense**

(Truth on the Market)

The claims are barred, in whole or in part, because many of the matters claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant times and, as such, were available to Plaintiff and other members of the putative Class and were, at the relevant times, reflected in the price of Trade Desk's stock.

**Sixth Affirmative Defense**

(Assumption of Risk)

The claims are barred, in whole or in part, because the risks of investing in Trade Desk stock were disclosed to Plaintiff and the market at the relevant times. Each putative Class member knew or should have known of the risks associated with Trade Desk's business and, in failing to consider these risks, each putative Class member assumed the risk that such person or entity might be damaged by purchasing or acquiring Trade Desk stock.

**Seventh Affirmative Defense**

(Waiver)

The claims of members of the putative Class who purchased Trade Desk stock despite knowledge of alleged misrepresentations or omissions are barred, in whole or in part, by the equitable doctrine of waiver.

**Eighth Affirmative Defense**

(Class Action Requirements Not Satisfied)

Plaintiff and members of the putative Class may not maintain this action as a class action because the action does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Ninth Affirmative Defense**

(Knowledge)

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims are barred, in whole or in part, because Plaintiff and members of the putative Class were aware of the misstatement or omission and/or did not rely upon those in purchasing Trade Desk stock.

**Tenth Affirmative Defense**

(No Reliance)

The claims are barred, in whole or in part, because, in deciding to acquire Trade Desk stock, some or all of the members of the putative Class did not rely on any of the statements and/or omissions alleged in the Complaint to be false or misleading, and would have acquired Trade Desk stock even if, at the time they acquired Trade Desk stock, they knew of the allegedly false or misleading statements or omissions upon which the Defendants' liability purportedly rests. Nor can Plaintiff or members of the putative Class use any presumption of reliance.

**Eleventh Affirmative Defense**

(No Control Person Liability)

The claims are barred, in whole or in part, because each Individual Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts

constituting the alleged violations and causes of action.

## Twelfth Affirmative Defense

### (Negative Causation)

The claims are barred, in whole or in part, because neither Defendants nor the alleged misrepresentations or omissions were the cause of the alleged damages. All or a portion of the alleged damages are attributable to causes other than the alleged misrepresentations or omissions. Any increase or decrease in the value of Trade Desk's stock was and is, wholly or partially, the result of market conditions or other factors and not the result of the alleged misrepresentations or omissions.

## Thirteenth Affirmative Defense

### (Speculative Damages)

The claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages.

## Fourteenth Affirmative Defense

### (Damages Limitation)

Any recovery of alleged damages based on alleged violation of the Exchange Act is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

## Fifteenth Affirmative Defense

### (Offset of Damages)

Any recovery for alleged damages is subject to offset in the amount of any benefits, including the amount of any tax benefits, actually received by Plaintiff or members of the putative Class through their investments.

## Sixteenth Affirmative Defense

### (Unjust Enrichment)

Plaintiff and the members of the putative Class would be unjustly enriched if they were permitted to obtain any recovery in this action.

DEFENDANTS' ANSWER TO FAC
CASE NO.: 2:25-CV-01396-CAS-DFM
-83-

## Seventeenth Affirmative Defense

(Mitigation)

Plaintiff and the members of the putative Class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## Eighteenth Affirmative Defense

(Apportionment)

Any recovery for alleged damages is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages, pursuant to the proportionate liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

## Nineteenth Affirmative Defense

(Contribution)

Defendants may be entitled to a right of contribution from other individuals or entities whose statements, omissions, or conduct may have contributed to the occurrence of the alleged damages, if any, should Plaintiff receive judgment against Defendants.

## Twentieth Affirmative Defense

(Conduct Outside Securities Markets)

Defendants cannot be liable for any false or misleading statements or omissions directed at persons other than Trade Desk investors because that conduct did not occur in the securities markets.

## Twenty-First Affirmative Defense

(Not Maker)

The claims are barred, in whole or in part, to the extent that Defendants did not make the challenged statements.

## Twenty-Second Affirmative Defense

(Undiscovered Defenses)

Defendants reserve the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court enter judgment as follows:

    1.    That judgment be entered in favor of Defendants;

    2.    That Plaintiff and the putative Class take nothing from Defendants by the Complaint, and that the Complaint be dismissed with prejudice;

    3.    For costs, attorneys' fees, and expert witness fees incurred by Defendants in connection with this action; and

    4.    For such other relief as the Court deems just and proper.

\* \* \*

Dated:  April 30, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Benjamin M. Crosson*

Caz Hashemi, State Bar No. 210239
chashemi@wsgr.com
Benjamin M. Crosson, State Bar No. 247560
bcrosson@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Jessica L. Snorgrass, State Bar No. 259962
jsnorgrass@wsgr.com
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900

*Attorneys for Defendants The Trade Desk, Inc., Jeffrey Terry Green, Laura Schenkein and Samantha Jacobson*